## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTEPHER BATTS, individually and on
behalf of all others similarly situated,

                Plaintiff,

vs.

GANNETT CO.,

                Defendant.

_____/

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## **DEFENDANT GANNETT CO.'S MOTION TO DISMISS**

Defendant Gannett Co. ("Gannett") moves to dismiss Plaintiff Christopher Batt's ("Plaintiff") Class Action Complaint and Jury Demand (the "Complaint"). In support of the Motion, Gannett relies on the attached Brief in Support.

Gannett's counsel certifies that on June 14 and June 15, 2022, they communicated via email and telephonic conference with Plaintiff's counsel regarding the defects raised in this Motion. Plaintiff's counsel advised Gannett's counsel that Plaintiff contests the purported defects, necessitating the instant Motion.

WHEREFORE, Gannett requests that the Court (i) grant the Motion, (ii) enter judgment for Gannett and against Plaintiff, (iii) dismiss the Complaint with prejudice, and (iv) grant to Gannett any other relief that is just and proper.

Respectfully submitted,

HONIGMAN LLP

By: /s/ J. Michael Huget
    J. Michael Huget (P39150)
    Robert M. Riley (P72290)
    Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*
*Gannett Co.*

Dated: July 8, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTEPHER BATTS, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

GANNETT CO.,

        Defendant.

_____/

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## <u>DEFENDANT GANNETT CO.'S</u>

## <u>BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>

44486808.2

# **TABLE OF CONTENTS**

QUESTIONS PRESENTED ..................................................................... ii

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF MOST CONTROLLING AUTHORITY ................................ vii

I.       INTRODUCTION ................................................................................1

II.     BACKGROUND ..................................................................................2

III.    ARGUMENT .......................................................................................3

   A.   Plaintiff Lacks Statutory Standing Because He Is Not A Customer Under The VRPA. ...........................................................................3

   B.   There Was No Actionable Disclosure Under The VRPA. ...........................4

   C.   Plaintiff's Claims Are Time Barred. ..............................................5

       1.   *MCL § 600.5805 governs all actions for personal injury, including personal privacy injuries.* ............................................... 6

       2.   *Claims brought under the VRPA are analogous to traditional common law tort claims for invasion of privacy and therefore MCL § 600.5805(2) applies.* ............................................. 8

       3.   *Plaintiff's Complaint is barred by the three-year SOL under MCL § 600.5805(2).* ..................................................... 15

   D.   Alternatively, The Complaint Must Be Dismissed Because Plaintiff Lacks Article III Standing. ..................................................................15

IV.   CONCLUSION .................................................................................18

## QUESTIONS PRESENTED

The issues presented by this Motion are:

1. Whether Plaintiff lacks statutory standing to bring his claims under the Michigan Video Rental Privacy Act ("VRPA") where he never subscribed to the magazine publication at issue in the Complaint?

   **Gannet answers: Yes**

   **Plaintiff answers: Unknown**

2. Whether Plaintiff lacks statutory standing to bring his claims under the ("VRPA") where Gannett did not disclose subscriber information to third parties during the class period alleged in the Complaint?

   **Gannet answers: Yes**

   **Plaintiff answers: Unknown**

3. Whether Plaintiff's claims under the VRPA are time barred by the three-year statute of limitations provided by MCL § 600.5805(2)?

   **Gannet answers: Yes**

   **Plaintiff answers: Unknown**

# TABLE OF AUTHORITIES

**Page(s)**

<span style="font-variant:small-caps">CASES</span>

*Arent v. Hatch*,
   133 Mich. App. 700 (1984) ..............................................................................5, 7

*Boelter v. Advance Mag. Publishers Inc.*,
   210 F. Supp. 3d 579 (S.D.N.Y. 2016) ..............................................................11

*In re Certified Question from the United States Court of Appeals for
   the Ninth Circuit (Deacon v. Pandora Media, Inc.)*,
   499 Mich. 477 (2016) ..........................................................................................3

*Coal Operators & Assocs., Inc. v. Babbitt*,
   291 F.3d 912 (6th Cir. 2002) .............................................................................15

*Cooper v. Team Wellness (Mental Health) Services Supervisor*,
   18-1162, 2018 WL 7360647 (6th Cir. Oct. 11, 2018) ("The statute
   of limitations for the invasion of privacy and fraud in Michigan is
   three years. Mich. Comp. Laws Ann. § 600.5805(2)") ...................................5, 8

*Coulter-Owens v. Time Inc.*,
   695 F. App'x 117 (6th Cir. 2017) ......................................................................11

*Derderian v. Genesys Health Care Sys.*,
   689 N.W.2d 145 (Mich. Ct. App. 2004) ..............................................................7

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*,
   631 NW2d 59 (2001) .........................................................................................14

*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) .............................................................................10

*Garden City Osteopathic Hosp. v. Hbe Corp.*,
   55 F.3d 1126 (6th Cir. 1995) ...............................................................................6

*Green v. Lansing Automakers Fed. Credit Union*,
   No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019) .......................7

*Halaburda v. Bauer Pub. Co., LP*,
No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ...................8

*Halaburda v. Bauer Publ'g Co., LP*,
No. 12-CV-12831, 2013 WL 12246914 (E.D. Mich. Dec. 23,
2013) ..............................................................................................................12

*Herrin v. Dunham*,
481 F.Supp. 2d 854 (E.D. Mich. 2007) (applying the three-year
statute of limitations to claims under 42 U.S.C. § 1983—"[i]n
Michigan, one statute of limitations applies to all personal injury
claims.") .........................................................................................................6

*Huhtala v. Travelers Ins. Co.*,
257 N.W.2d 640 (1977) ...................................................................................7

*Krassick v. Archaeological Institute of America*,
No. 2:21-cv-00180, ECF No. 34, Opinion Denying Motion to
Dismiss, W.D .................................................................................................14

*Lewis v. Casey*,
518 U.S. 343 (1996).......................................................................................16

*Lin v. Crain Commc'ns, Inc.*,
No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020)
(Michigan enacted the VRPA to address concerns related to an
"unwarranted invasion of privacy.").........................................................9, 11

*Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*,
535 N.W.2d 187 (Mich. 1995)........................................................................6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).......................................................................................16

*Mcintyre v. Ogemaw County Bd. of Commissioners*,
15-CV-12214, 2016 WL 4917537 (E.D. Mich. Sept. 15, 2016) ....................8

*Miller-Davis Co. v. Ahrens Constr., Inc.*,
802 N.W.2d 33 (Mich. 2011)..........................................................................7

*Moeller v. Am. Media, Inc.*,
235 F. Supp. 3d 868 (E.D. Mich. 2017) ..................................................11, 12

iv

*Palmer Park Square, LLC v. Scottsdale Insurance Co.*,
   878 F.3d 530 (6th Cir. 2017) ...............................................................14

*Perlin v. Time Inc.*,
   237 F. Supp. 3d 623 (E.D. Mich. 2017) ...........................................11

*Perry v. Cable News Network, Inc.*,
   854 F.3d 1336 (11th Cir. 2017) .........................................................10

*Pratt v. KSE Sportsman Media, Inc.*,
   No. 1:21-cv-11404, 2022 U.S. Dist. LEXIS 27591 (E.D. Mich.
   Feb. 15, 2022) ...................................................................................14

*Spokeo, Inc v. Robins*,
   578 U.S. 330 (2016)................................................................10, 16, 17

*TransUnion LLC v. Ramirez*,
   141 S.Ct. 2190 (2021)................................................................16, 17

*United States Dep't of Justice v. Reporters Comm. for Freedom of the
   Press*,
   489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) ......................8

*In re Vizio, Inc. Consumer Privacy Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) .........................................9, 10

*Ward v. Natl. Patient Account Services Sols., Inc.*,
   20-5902, --F.4th--, 2021 WL 3616067 (6th Cir. Aug. 16, 2021) ........8

*Yershov v. Gannet Satellite Info. Network, Inc.*,
   204 F. Supp. 3d 353 (D. Mass. 2016)................................................10

## STATUTES

MCL 445.1711(a)........................................................................................3

MCL 600.5805 ...............................................................................6, 7, 17

MCL § 600.5805(1) .....................................................................................6

MCL § 600.5805(2) ......................................... 1, 2, 5, 6, 8, 9, 12, 13, 15, 17

v

MCL 600.5807 ...................................................................................................6, 7

MCL § 600.5813 .............................................................................................6, 14

Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)) ...........................2

Mich. Pub. Act No. 378 ............................................................................................9

Michigan's Video Rental Privacy Act, MCL §§ 445.1711, *et. seq.*..........................1

Personal Privacy Act ...............................................................................................12

VRPA ..................................... 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 17

**MISCELLANEOUS**

S.Rep. No. 100–599 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1.............10, 11

## STATEMENT OF MOST CONTROLLING AUTHORITY

The controlling authority for this Motion includes:

1. MCL § 600.5805(2)

2. *Arent v. Hatch*, 133 Mich. App. 700, 349 N.W.2d 536 (1984)

3. *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 689 N.W.2d 145 (2004)

4. *Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019).

5. *In re Certified Question from the United States Court of Appeals for the Ninth Circuit (Deacon v. Pandora Media, Inc.)*, 499 Mich. 477 (2016)

6. *Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 449 Mich. 322, 535 N.W.2d 187 (Mich. 1995)

7. *Miller-Davis Co. v. Ahrens Constr., Inc.*, 489 Mich. 355, 802 N.W.2d 33 (Mich. 2011)

8. *Spokeo, Inc v. Robins*, 578 U.S. 330, 341 (2016)

9. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)

## I.    INTRODUCTION

Plaintiff Christopher Batts claims that Defendant Gannett Co. ("Gannett") caused him personal privacy injuries by improperly disclosing his and other *USA Today* magazine subscribers' private information in violation of the pre-July 30, 2016 version of Michigan's Video Rental Privacy Act, MCL §§ 445.1711, *et. seq*. (the "VRPA").  Plaintiff's VRPA claims are fatally flawed and the Court should dismiss them.

As a threshold matter, Plaintiff never subscribed to *USA Today* and therefore lacks statutory standing to bring his VRPA claim against Gannett. As established by the Declaration of Helen Trask ("Trask Declaration," **Exhibit A**), Plaintiff did not subscribe to *USA Today*, including during the "pre-July 31, 2016" statutory period alleged in the Complaint. Plaintiff's Complaint fails at the starting gate.

Plaintiff's Complaint is further defective because—as a matter of established business practice and as further supported by the Trask Declaration—Gannett did not disclose any *USA Today* subscriber information to any third parties during the alleged statutory period. Without an actionable disclosure, Plaintiff cannot proceed with his VRPA claim.

Even setting aside these fatal and independent defects, Plaintiff's VRPA claims are also barred by the 3-year statute of limitations ("SOL") provided by MCL § 600.5805(2), which applies to "all actions to recover damages . . . for injury to a

person[.]"[1]  Michigan courts routinely apply MCL § 600.5805(2) to actions based on personal privacy injuries, e.g. invasion of privacy.  Here, Plaintiff is seeking to recover damages for alleged personal privacy injuries resulting from Gannett's purported violations of the VRPA, so his claims fall within the scope of MCL § 600.5805(2).   Because Plaintiff is seeking to recover for alleged violations occurring before July 30, 2016, his VRPA claims were time barred by MCL § 600.5805(2) on July 30, 2019.

For these reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

## II.    BACKGROUND

Plaintiff filed his Complaint exclusively under the 1989 version of the VRPA, which ceased to exist as of July 31, 2016.  *See* Compl. at ¶ 1 (at n.2).  The Michigan Legislature amended the VRPA, effective July 31, 2016, to eliminate the $5,000 statutory penalty and make clear that plaintiffs must prove "actual damages" to recover under the Act.   *See* 2016 Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)).  Here, Plaintiff's VRPA claims are based solely on alleged violations occurring *before* July 31, 2016.  *See* Compl. at ¶ 72 (Gannett's alleged

---

[1] Gannett acknowledges recent adverse rulings in the Eastern District of Michigan and Western District of Michigan applying a six-year statute of limitations to claims brought under the VRPA. As discussed infra, Gannett respectfully believes those rulings are in error. Gannett also raises SOL based arguments in the instant Motion to preserve those issues for appeal as necessary.

44486808.2

disclosures of Plaintiff's and the class's private reading information "during the relevant pre-July 30, 2016 time period" violated their "right to privacy in their reading habits").

## III.   ARGUMENT

### A.   Plaintiff Lacks Statutory Standing Because He Is Not A Customer Under The VRPA.

As a threshold matter, Plaintiff lacks statutory standing to bring his claims because he never purchased, rented, borrowed, or otherwise subscribed to *USA Today* and therefore is not a customer as defined by the VRPA as applied by the Michigan Supreme Court.

That Court left no dispute as to the threshold requirement that a plaintiff be a "customer" of a defendant in order to bring an action under the VRPA. *In re Certified Question from the United States Court of Appeals for the Ninth Circuit (Deacon v. Pandora Media, Inc.)*, 499 Mich. 477 (2016). According to the Michigan Supreme Court, a plaintiff must have "purchase[d], rent[ed], or borrow[ed]" the media at issue." (*Id.*, 483-88, citing MCL 445.1711(a)). While both a purchase and rental require payment in exchange for media, borrowing requires a "promise" by the subscriber to return the media to the publisher. (*Id.*, 484-87).

Here, Plaintiff did not purchase, rent, or borrow a *USA Today* subscription from Gannett during ***any*** time period. (Trask Decl., ¶ 5). Gannett has never received any payment from Plaintiff in connection with a *USA Today* subscription, including

44486808.2

from January 1, 2015 to July 31, 2016. (Trask Decl., ¶5). Gannett has never received a promise from Plaintiff to return any *USA Today* subscriptions to Gannett pursuant to any borrowing arrangement. (Trask Decl., ¶ 6). Plaintiff has not been active with respect to **any** Gannett publication **since no earlier than 2007**. (Trask Decl., ¶ 7).

Accordingly, Plaintiff is not a customer under the VRPA and therefore his Complaint must be dismissed.

### B.    There Was No Actionable Disclosure Under The VRPA.

Even if Plaintiff did subscribe to *USA Today*—and he did not—his Complaint still fails because Gannett did not disclose *USA Today* subscriber information to third parties during the statutory period alleged by Plaintiff.

Gannett did not disclose any *USA Today* subscriber information to list brokers, data aggregators, data cooperatives, data brokers, or other intermediaries during the statutory period alleged by Plaintiff in the Complaint, including from January 1, 2015 to July 31, 2016. (Trask Decl., ¶ 8). Gannett also did not disclose any *USA Today* subscriber information to NextMark, Inc. during the statutory period alleged by Plaintiff in the Complaint, including from January 1, 2015 to July 31, 2016. (Trask Decl., ¶ 9).

Thus, Plaintiff's claims also fail because Gannett did not disclose subscriber information to third parties as alleged by Plaintiff.

### C.    Plaintiff's Claims Are Time Barred.

The two defects raised above each independently dispose of Plaintiff's Complaint. Even setting those aside, Plaintiff's Complaint still fails because it is time-barred by MCL § 600.5805(2), which provides a three-year statute of limitations for "all actions to recover damages . . . for injury to a person[.]"

Michigan courts consistently hold that claims seeking redress for injuries sounding in privacy torts, such as invasion of privacy, are actions for injury to a person subject to MCL § 600.5805(2).  *See, e.g.*, *Arent v. Hatch*, 133 Mich. App. 700, 705 (1984) (applying the three-year limitations period to invasion of privacy claim); *Cooper v. Team Wellness (Mental Health) Services Supervisor*, 18-1162, 2018 WL 7360647, at *2 (6th Cir. Oct. 11, 2018) ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)").

Here, Plaintiff's VRPA claims are most directly analogous to the common law privacy tort of invasion of privacy.  Thus, Plaintiff's Complaint—filed more than *five* years after the alleged misconduct occurred—is an action to recover damages for invasion of privacy injuries to a person and must be dismissed by the three-year statute of limitations provided by MCL § 600.5805(2).

44486808.2

1.   *MCL § 600.5805 governs all actions for personal injury, including personal privacy injuries.*

MCL § 600.5805 provides "[a] person *shall not bring* or maintain an action to recover damages *for injuries to persons* or property unless … the action is commenced within the periods of time prescribed by this section." MCL § 600.5805(1) (emphasis added).   "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury *for all actions* to recover damages for the death of a person or *for injury to a person* or property."  *Id.* (emphasis supplied); *See also Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 535 N.W.2d 187, 189 (Mich. 1995); *Herrin v. Dunham*, 481 F.Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983—"[i]n Michigan, one statute of limitations applies to all personal injury claims.").  Accordingly, in Michigan, all claims for injury to a person must be brought within three years.[2]

To determine whether MCL § 600.5805(2) applies, courts examine the "nature and origin" of the claim, and the type of interest allegedly harmed.  *Garden City Osteopathic Hosp. v. Hbe Corp.,* 55 F.3d 1126, 1133 (6th Cir. 1995) ("do not

---

[2] By contrast, an action for breach of contract is governed by MCL § 600.5807. Critically, MCL § 600.5813—the section on which Plaintiff apparently relies—only applies if *neither* Section § 600.5805 *nor* Section § 600.5807 applies. *Local 1064, RWDSU AFL-CIO*, 449 Mich. at 327-28 ("Section 5805 is a more specific statute of limitations than § 5813 and therefore controls if applicable to this action.").

6

look to the type of damages, but rather to the source of damages"). If the asserted claim alleges an injury to person, and in particular where a claim mirrors a claim traditionally recognized in tort, then the claims are subject to the three-year limitations period.

>As the Michigan Supreme Court recently explained:

>[I]f an action is founded on a "consensual" duty or obligation or the breach of an "express promise," the action is not for personal injury. It is an action to recover damages for breach of contract and is governed by the six-year statute of limitations in MCL 600.5807. By contrast, when an action is founded on a "nonconsensual" duty or one "imposed by law," the action is generally governed by the three-year statute of limitations in MCL 600.5805.

*Miller-Davis Co. v. Ahrens Constr., Inc.*, 802 N.W.2d 33, 38-39 (Mich. 2011); *see also Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 644 (1977) ("where the nature and origin of an action to recover damages for injury to persons or property is a duty imposed by law," the three-year statute of limitations in Section 699.5805 applies).

Under this analysis, Michigan courts routinely apply the three-year statute of limitations in cases alleging invasions of privacy. *See Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108, at *4 (Mich. Ct. App. Aug. 13, 2019) (applying the three-year limitation period to invasion of privacy, unlawful intrusion claim); *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 159 (Mich. Ct. App. 2004) (applying the three-year limitations period to false-light invasion of privacy claim); *Arent*, 133 Mich. App at 705 (1984) (applying the three-

year limitations period to invasion of privacy claim); *Cooper*, 2018 WL 7360647, at *2 ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)"); *Mcintyre v. Ogemaw County Bd. of Commissioners*, 15-CV-12214, 2016 WL 4917537, at *3 (E.D. Mich. Sept. 15, 2016) (applying three-year statute of limitations to common law privacy claim).

Thus, in Michigan, claims for personal privacy injuries are governed by the three-year limitations period provided by MCL § 600.5805(2).

> 2. *Claims brought under the VRPA are analogous to traditional common law tort claims for invasion of privacy and therefore MCL § 600.5805(2) applies.*

The VRPA is a personal-privacy-centric statute designed "to protect individual consumers from certain disclosures of their personal information." *Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013). The preventive purpose of the VRPA has clear underpinnings in common law tort concepts related to invasion of privacy and publication harms: "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); see also *Ward v. Natl. Patient Account Services Sols., Inc.*, 20-5902, --F.4th--, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) ("Had Ward claimed, for example, that NPAS, Inc. improperly shared

8

personal information with a third party, … then Ward's alleged harm would more closely resemble an invasion of privacy."); *Lin v. Crain Commc'ns, Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020) (Michigan enacted the VRPA to address concerns related to an "unwarranted invasion of privacy.") (quoting *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989, attached to Compl., Ex. B); *see also* 1988 Mich. Pub. Act No. 378 (VRPA is "[a]n act to *preserve personal privacy* with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act.") (emphasis supplied).

Here, Plaintiff's VRPA claims are based on the pre-July 30, 2016 version of the VRPA, which is no coincidence as Plaintiff is specifically seeking $5,000.00 in statutory penalties per class member—a "feature" of the VRPA that was removed by amendment effective after July 30, 2016. *See* Compl. at ¶ 73 (seeking $5,000.00 in statutory penalties per Class member). Accordingly, Plaintiff's Complaint is clearly "an action to recover damages for injuries to persons," i.e. statutory penalties for alleged personal privacy injuries, and is therefore subject to a three-year statute of limitations under MCL § 600.5805(2); s*ee also, e.g.*, Compl., ¶ 47 ("Gannett disclosed its customers' Private Reading Information – including their reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'"); *id.*, ¶¶ 5-8, 14-21 (Plaintiff describing

alleged harm as unauthorized disclosures of his and the class's private personal information and the VRPA as a mechanism to protect personal privacy rights).

Notably, Plaintiff compares Michigan's VRPA with the federal VPPA. *See* Compl., ¶ 18. Numerous courts have held the VPPA reflects a codification of the common law right to privacy.[3] As noted by the Senate Report cited in Plaintiff's Complaint, the purpose of VPPA is "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S.Rep. No. 100–599, at 1 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1; see also *id*. ("This bill will give specific meaning to the right of privacy, as it affects individuals in their daily lives."). Senator Simon's statement, which Plaintiff specifically cites, provides:

---

[3] *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1340-41 (11th Cir. 2017) ("the VPPA's creation of a cause of action for this type of an invasion of privacy 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'") (quoting *Spokeo*); *Eichenberger v. ESPN, Inc*., 876 F.3d 979, 982-84 (9th Cir. 2017) ("although the FCRA outlines procedural obligations that sometimes protect individual interests, the VPPA identifies a substantive right to privacy that suffers any time a video service provider discloses otherwise private information."); *In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1215-17 (C.D. Cal. 2017)(" Plaintiffs' VPPA claims are even more deeply rooted in the common law. Warren and Brandeis traced the development of the tort of invasion of privacy in part to cases involving the disclosure of information in breach of a confidential relationship."); *Yershov v. Gannet Satellite Info. Network, Inc*., 204 F. Supp. 3d 353, 362 (D. Mass. 2016) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.").

> [A]s we continue to move ahead, we must protect time honored values
> that are so central to this society, particularly our right to privacy. The
> advent of the computer means … that we have the ability to be more
> intrusive than ever before. Every day Americans are forced to provide
> to businesses and others personal information without having any
> control over where that information goes.

*Id.* at S5401.

Like the VPPA, the VRPA also protects consumers' right to privacy and likewise substantively resembles a traditional, common law tort action for invasion of privacy. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 640-41 (E.D. Mich. 2017) ("[T]he right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century …."); *Boelter v. Advance Mag. Publishers Inc.*, 210 F. Supp. 3d 579, 590 (S.D.N.Y. 2016) (explaining that "the harms contemplated by [the VRPA and its federal analog] have close ties to those recognized by the common law tort of invasion of privacy"); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("'Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'") (citation omitted).

Courts in Michigan expressly recognize that a claim for violation of the VRPA is an invasion-of-privacy tort claim. *See, e.g.*, *Lin*, 2020 WL 248445, at *2 (noting that the VRPA addressed "invasion[s] of a legally protected privacy interest"); *Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 119 (6th Cir. 2017) (noting that

plaintiff claimed "an invasion of privacy in violation of Michigan's Preservation of Personal Privacy Act"); *Moeller.*, 235 F. Supp. 3d at 873 (stating that violations of the VRPA are "invasion[s] of plaintiffs' privacy"); *Halaburda v. Bauer Publ'g Co., LP*, No. 12-CV-12831, 2013 WL 12246914, at *1 (E.D. Mich. Dec. 23, 2013) (stating that the Michigan Legislature granted citizens "a privacy right").

Therefore, Plaintiff's VRPA claims are analogous to traditional tort claims for personal privacy injuries and invasion of privacy and are subject to MCL § 600.5805(2).

Importantly, Plaintiff's Complaint—taken as true for purposes of this Motion—confirms the "nature and origin" of his claims are grounded in personal privacy injuries, as virtually all of the operative allegations in the Complaint related to injury are framed in the context of personal privacy:

- The VRPA was enacted to further protect "citizens' privacy rights." Compl. at ¶ 15.

- The "intimate process" associated with reading books and magazines "should be protected from the disruptive intrusion of a roving eye." *Id*. at ¶ 17.

- The VRPA established as a matter of law that "a person's choice in reading, music, and video entertainment is a private matter." *Id*. at ¶ 20.

12

- "Consumers Place Monetary Value on their Privacy and Consider Privacy Practices When Making Purchases." *Id*. at ¶¶ 35-40.

- The activities protected by the VRPA are "so private" because they "reveal our likes and dislikes, our interests and our whims. They say a great deal about our dreams and ambitions, our fears and our hopes." *Id*. at ¶ 19.

- Gannett's alleged VRPA violations included the disclosure of customers' "reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'" *Id*. at ¶ 47.

The only allegations of injury in the Complaint not cabined to personal privacy are nonetheless framed as personal injuries, albeit in the physical context. *See, e.g.,* Compl. at ¶ 7 (suggesting that Gannett's allegedly unlawful conduct is "also dangerous" because it purportedly "allows for the targeting of particularly vulnerable members of society." Therefore, not only do Plaintiff's allegations of personal privacy harm constitute personal injuries under MCL § 600.5805(2), but so do his explicit allegations concerning purportedly imminent physical harm.

Thus, the three-year statute of limitations provided by MCL § 600.5805(2) applies to Plaintiff's Complaint.

13

In response Plaintiff will likely point to recent decisions from the Eastern and Western District Courts finding the six-year limitations period under MCL § 600.5813 applies to VRPA claims. (*e.g.*, *Pratt v. KSE Sportsman Media, Inc*., No. 1:21-cv-11404, 2022 U.S. Dist. LEXIS 27591 (E.D. Mich. Feb. 15, 2022); *Krassick v. Archaeological Institute of America*, No. 2:21-cv-00180, ECF No. 34, Opinion Denying Motion to Dismiss, W.D. Mich. June 9, 2022).

Gannett respectfully submits that those decisions—which are non-binding on this Court—largely rely on incorrect readings of *Palmer Park Square, LLC v. Scottsdale Insurance Co.,* 878 F.3d 530 (6th Cir. 2017) and *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc*., 631 NW2d 59 (2001) to reach the proposition that all statutory causes of action not otherwise provided for are subject to the six year SOL.

*Palmer Park Square* does not hold that all statutory claims are subject to a six-year limitations period by default; rather, the holding in *Palmer Park Square* turned on the nature of the claim, i.e. the fact that the plaintiff was pursuing a claim for a statutory penalty rather than a claim for personal injury. *Palmer Park Square*, 878 F.3d at 539. Indeed, *Palmer Park Square* involved a ***business*** seeking to recover a statutory penalty interest. (*Palmer Park Square*, 878 F.3d at 533). Similarly, *DiPonio* was an action by a ***business*** to recover under the Michigan builders' trust fund law. (*DiPonio*, 631 N.W.2d at 61). **Neither *Palmer Park Square* nor *DiPonio* were actions by a person to recover for injuries to a person**.

The bare fact that the VRPA is a statute does not prevent the applicability of MCL § 600.5805(2) and its three-year statute of limitations to Plaintiff's Complaint. Instead, the Court should analyze the nature of the relief sought by Plaintiff, i.e. personal recovery for alleged privacy injuries.

<blockquote>

3. *Plaintiff's Complaint is barred by the three-year SOL under MCL § 600.5805(2).*

</blockquote>

As developed supra, Plaintiff's Complaint—based on alleged pre-July 30, 2016 violations of the VRPA—is subject to the three-year statute of limitations period provided by MCL § 600.5805(2) because it seeks recovery for privacy injuries and other personal injuries to Plaintiff's person.  Because Plaintiff failed to file his Complaint within three years, it must be dismissed with prejudice.

**D.    Alternatively, The Complaint Must Be Dismissed Because Plaintiff Lacks Article III Standing.**

Plaintiff's VRPA claims were extinguished by the three-year statute of limitations provided by MCL § 600.5805(2).  This defect—like the first two raised above—is not curable.  However, if the Court were to conclude that Plaintiff's alleged privacy injuries do not constitute injuries to a person as contemplated by MCL § 600.5805(2), the Court should alternatively dismiss Plaintiff's VRPA claims because he lacks Article III standing.

Article III standing is required to confer subject matter jurisdiction upon federal courts.  *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th

Cir. 2002). To establish the "irreducible constitutional minimum of standing" under Article III, a plaintiff must show: (1) that he suffered actual injury; (2) that the injury is traceable to the challenged action of the defendant; and (3) that the injury may be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An injury must be "concrete, particularized, and actual or imminent" to satisfy the requirements of Article III. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021). As in any other case in federal court, "named plaintiffs who represent a class must allege and show that they personally have been injured" to confer standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotations omitted).

   *TransUnion* is controlling. In *TransUnion*, the Supreme Court held that Article III's injury-in-fact requirement applies in full-force "even in the context of a statutory violation." *TransUnion*, 141 S. Ct. at 2205. Citing *Spokeo, Inc v. Robins*, 578 U.S. 330, 341 (2016), the *TransUnion* court expressly "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. In distinguishing between putative class members that satisfied Article III from those that fell short of the mark, the *TransUnion* court focused on whether the "alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id*. at 2204 (citing *Spokeo*, 578 U.S. at 341).

16

44486808.2

In other words, the relevant "inquiry asks whether plaintiffs have identified ***a close historical or common-law analogue for their asserted injury***." *Id*. (emphasis added). A plaintiff that "has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts" does not have standing. *Id*. at 2206. Likewise, a plaintiff that is "not seeking to remedy any harm to herself but instead is merely seeking to ensure a defendant's 'compliance with regulatory law' fails to satisfy Article III. *Id*. (citing *Spokeo*, 578 U.S. at 345).

Here, to satisfy *TransUnion* and *Spokeo*, Plaintiff must allege that Gannett's purported VRPA violations caused him a concrete and particularized personal harm analogous to a common-law injury recognized by American courts. In doing so, Plaintiff must necessarily concede the application of the three-year statute of limitations provided by MCL § 600.5805(2), which applies to all actions to recover for injuries to a person. (*See* Section III.B).

In sum, Plaintiff cannot avoid the application of MCL § 600.5805(2) to his Complaint while at the same time alleging the concrete and particularized injury necessary for Article III standing. Either Plaintiff suffered a personal injury subject to MCL § 600.5805, or he is pursuing purely technical alleged statutory violations for which he does not have Article III standing.

17

## IV.    CONCLUSION

For these reasons, Gannett Co. requests that the Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

HONIGMAN LLP

By: */s/ J. Michael Huget*
    J. Michael Huget (P39150)
    Robert M. Riley (P72290)
    Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*
*Gannett Co.*

Dated: July 8, 2022

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2022, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *J. Michael Huget*
J. Michael Huget

19