## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER BATTS; CAROLYN
BRAUN; VELMA COLEMAN; JOHNNY
SABBAG; AND ASHA MAREDDY,
individually and on behalf of all others
similarly situated,

              Plaintiffs,

vs.

GANNETT CO.,

              Defendant.

_____/

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## DEFENDANT GANNETT CO.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Gannett Co. ("Gannett") moves to dismiss the First Amended Class Action Complaint ("Complaint") (ECF No. 17, PageID.614) filed by Plaintiffs Christopher Batts, Carolyn Braun, Velma Coleman, Asha Mareddy, and Johnny Sabbag (collectively, "Plaintiffs"). In support of its Motion, Gannett relies on the attached Brief in Support.

Gannett's counsel certifies that on August 10, they communicated by email with Plaintiffs' counsel about the defects raised in this Motion. As of the time of filing, Gannett's counsel had not obtained the concurrence of Plaintiffs' counsel, necessitating the instant Motion.

For these reasons, Gannett requests the Court (i) grant the Motion, (ii) enter judgment for Gannett and against Plaintiffs, (iii) dismiss the Complaint with prejudice, and (iv) grant to Gannett any other relief that is just and proper.

Respectfully submitted,

HONIGMAN LLP

By: /s/ J. Michael Huget
    J. Michael Huget (P39150)
    Robert M. Riley (P72290)
    Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*
*Gannett Co.*

Dated: August 12, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER BATTS; CAROLYN
BRAUN; VELMA COLEMAN; JOHNNY
SABBAG; AND ASHA MAREDDY,
individually and on behalf of all others
similarly situated,

Plaintiffs,

vs.

GANNETT CO.,

Defendant.

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

_____/

## DEFENDANT GANNETT CO.'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

# **TABLE OF CONTENTS**

QUESTIONS PRESENTED ........................................................... ii

TABLE OF AUTHORITIES ............................................................ iii

STATEMENT OF MOST CONTROLLING AUTHORITY ............................... vii

I.      INTRODUCTION .........................................................................1

II.     BACKGROUND ...........................................................................3

III.    ARGUMENT ...............................................................................3

    A.   There Was No Actionable Disclosure of USA Today Newspaper Subscriber Information During the Statutory Period. ....................................................3

    B.   Plaintiffs Batts, Braun, Coleman, and Mareddy Lack Statutory Standing Because They Are Not Customers Under The VRPA. ................................4

    C.   Plaintiffs' Claims Are Time Barred. ............................................5

        1.   *MCL § 600.5805 governs all actions for personal injury, including personal privacy injuries.* ................................................ 6

        2.   *Claims brought under the VRPA are analogous to traditional common law tort claims for invasion of privacy and therefore MCL § 600.5805(2) applies.* ........................................................ 8

        3.   *Plaintiffs' Complaint is barred by the three-year SOL under MCL § 600.5805(2).* ...................................................... 15

    D.   Alternatively, The Complaint Must Be Dismissed Because Plaintiffs Lacks Article III Standing. ....................................................16

IV.     CONCLUSION ...........................................................................18

i

## QUESTIONS PRESENTED

The issues presented by this Motion are:

1. Whether Plaintiffs Batts, Braun, Coleman, and Mareddy lack statutory standing to bring their claims under the Michigan Video Rental Privacy Act ("VRPA") where they never subscribed to the newspaper publication at issue in the Complaint?

   **Gannett answers: Yes**

   **Plaintiffs answer: Unknown**

2. Whether all Plaintiffs lack statutory standing to bring their claims under the ("VRPA") where Gannett did not disclose *USA Today* newspaper subscriber information to third parties during the alleged class period?

   **Gannett answers: Yes**

   **Plaintiffs answer: Unknown**

3. Whether all Plaintiffs' claims under the VRPA are time barred by the three-year statute of limitations provided by MCL § 600.5805(2)?

   **Gannett answers: Yes**

   **Plaintiffs answer: Unknown**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Arent v. Hatch*,
  133 Mich. App. 700 (1984) ..............................................................................5, 8

*Boelter v. Advance Mag. Publishers Inc.*,
  210 F. Supp. 3d 579 (S.D.N.Y. 2016) ..................................................................11

*In re Certified Question from the United States Court of Appeals for
  the Ninth Circuit (Deacon v. Pandora Media, Inc.)*,
  499 Mich. 477 (2016) .........................................................................................5

*Coal Operators & Assocs., Inc. v. Babbitt*,
  291 F.3d 912 (6th Cir. 2002) ...............................................................................16

*Cooper v. Team Wellness (Mental Health) Services Supervisor*,
  18-1162, 2018 WL 7360647 (6th Cir. Oct. 11, 2018) .....................................5, 8

*Coulter-Owens v. Time Inc.*,
  695 F. Appx 117 (6th Cir. 2017) ....................................................................4, 12

*Derderian v. Genesys Health Care Sys.*,
  689 N.W.2d 145 (Mich. Ct. App. 2004) ...............................................................8

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*,
  631 NW2d 59 (2001) ....................................................................................14, 15

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) ..............................................................................10

*Garden City Osteopathic Hosp. v. Hbe Corp.*,
  55 F.3d 1126 (6th Cir. 1995) ...............................................................................7

*Green v. Lansing Automakers Fed. Credit Union*,
  No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019) ......................8

*Halaburda v. Bauer Pub. Co., LP*,
  No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ....................9

*Halaburda v. Bauer Publ'g Co., LP*,
No. 12-CV-12831, 2013 WL 12246914 (E.D. Mich. Dec. 23,
2013) ...................................................................................................12

*Herrin v. Dunham*,
481 F.Supp.2d 854 (E.D. Mich. 2007) ...............................................6

*Huhtala v. Travelers Ins. Co.*,
257 N.W.2d 640 (1977) ........................................................................7

*Krassick v. Archaeological Institute of America*,
No. 2:21-cv-00180, ECF No. 34, Opinion Denying Motion to
Dismiss, W.D .....................................................................................14

*Lewis v. Casey*,
518 U.S. 343 (1996).............................................................................16

*Lin v. Crain Commc'ns, Inc.*,
No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020).......9, 12

*Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*,
535 N.W.2d 187 (Mich. 1995)............................................................6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).............................................................................16

*Mcintyre v. Ogemaw County Bd. of Commissioners*,
15-CV-12214, 2016 WL 4917537 (E.D. Mich. Sept. 15, 2016) .........8

*Miller-Davis Co. v. Ahrens Constr., Inc.*,
802 N.W.2d 33 (Mich. 2011)...............................................................7

*Moeller v. Am. Media, Inc.*,
235 F. Supp. 3d 868 (E.D. Mich. 2017) ............................................12

*Palmer Park Square, LLC v. Scottsdale Insurance Co.*,
878 F.3d 530 (6th Cir. 2017) .......................................................14, 15

*Perlin v. Time Inc.*,
237 F. Supp. 3d 623 (E.D. Mich. 2017) ............................................11

*Perry v. Cable News Network, Inc.*,
854 F.3d 1336 (11th Cir. 2017) .........................................................10

*Pratt v. KSE Sportsman Media, Inc*.,
No. 1:21-cv-11404, 2022 U.S. Dist. LEXIS 27591 (E.D. Mich.
Feb. 15, 2022) ...................................................................................14

*Spokeo, Inc v. Robins*,
578 U.S. 330 (2016).....................................................................10, 17

*TransUnion LLC v. Ramirez*,
141 S.Ct. 2190 (2021)..................................................................16, 17

*United States Dep't of Justice v. Reporters Comm. for Freedom of the
Press*,
489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) .....................9

*In re Vizio, Inc. Consumer Privacy Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .........................................9, 10

*Ward v. Natl. Patient Account Services Sols., Inc.*,
20-5902, --F.4th--, 2021 WL 3616067 (6th Cir. Aug. 16, 2021) .........8

*Yershov v. Gannet Satellite Info. Network, Inc*.,
204 F. Supp. 3d 353 (D. Mass. 2016)................................................11

STATUTES

Michigan's Video Rental Privacy Act,
MCL §§ 445.1711, *et. seq*........ 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

MCL § 600.5805 .............................................................................6, 18

MCL § 600.5805(1) ................................................................................6

MCL § 600.5805(2) ......................................... 2, 3, 5, 6, 7, 8, 10, 12, 14, 15, 16, 18

MCL § 600.5807 ...................................................................................7

MCL § 600.5813 ..............................................................................7, 14

Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)) ...........3

Mich. Pub. Act No. 378 ........................................................................9

Personal Privacy Act.............................................................................12

MISCELLANEOUS

S.Rep. No. 100–599 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1 .................. 11

## <u>STATEMENT OF MOST CONTROLLING AUTHORITY</u>

The controlling authority for this Motion includes:

1.  MCL § 600.5805(2)

2.  *Arent v. Hatch*, 133 Mich. App. 700, 349 N.W.2d 536 (1984)

3.  *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 689 N.W.2d 145 (2004)

4.  *Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019)

5.  *In re Certified Question from the United States Court of Appeals for the Ninth Circuit (Deacon v. Pandora Media, Inc.)*, 499 Mich. 477 (2016)

6.  *Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 449 Mich. 322, 535 N.W.2d 187 (Mich. 1995)

7.  *Miller-Davis Co. v. Ahrens Constr., Inc.*, 489 Mich. 355, 802 N.W.2d 33 (Mich. 2011)

8.  *Spokeo, Inc v. Robins*, 578 U.S. 330 (2016)

9.  *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)

## I.  INTRODUCTION

Plaintiffs allege that Defendant Gannett Co. ("Gannett") caused them personal privacy injuries by improperly disclosing their and other *USA Today* newspaper subscribers' private information in violation of the pre-July 30, 2016 version of Michigan's Video Rental Privacy Act, MCL §§ 445.1711, *et. seq.* ("VRPA"). Plaintiffs' VRPA claims fail and the Court should dismiss them.

Plaintiffs' First Amended Complaint ("Complaint") is their second bite at the apple after filing the original Complaint (ECF No. 1, PageID.1) with a defective Plaintiff.  Plaintiff Batts—the sole original Plaintiff—lacks standing because he (i) never subscribed *to USA Today* newspaper during the statutory period and (ii) Gannett did not disclose any *USA Today* subscriber information to any third parties during the statutory period.  *See* Gannett's Declaration in Support of its first Motion to Dismiss (ECF No. 16-1, PageID.611, Declaration of Helen Trask).[1]  Plaintiffs' attempt to cure the defects identified in Gannett's first motion to dismiss is futile.

---

[1] Before filing its first Motion to Dismiss (ECF No. 16, PageID.581), Gannett's counsel contacted Plaintiffs' counsel and identified the defects raised in the first motion to dismiss.  *See* Gannett's Motion for Second Extension of Time (ECF No. 13, PageID.555) (requesting more time to respond to the Complaint (ECF No. 1, PageID.1) after Plaintiffs' counsel rejected Gannett's request for another extension to discuss the defects raised in the Complaint and save the parties "time and effort in briefing a motion to dismiss the Complaint.").

Then, ***only after Gannett incurred the cost in preparing and filing the first motion to dismiss***, Plaintiffs filed the instant First Amended Complaint (ECF No. 17, PageID.614), adding four new proposed Plaintiffs one day before the close of the

First, Plaintiffs emphasize in the Complaint that the media at issue is *USA Today* **_newspaper_**. (Complaint, ¶ 1) (emphasis in original).  Plaintiffs' purported clarification is moot. As established by the Second Declaration of Helen Trask ("Trask Declaration," **Exhibit A**), Gannett did not disclose any *USA Today* **_newspaper_** subscriber information to third parties during the alleged statutory period.  Without an actionable disclosure, Plaintiffs cannot proceed with their VRPA claim.  This fatal defect applies to all Plaintiffs.

Second, Plaintiffs Braun, Coleman, and Mareddy share Batts' additional— and independently fatal—defect in that they also never subscribed to *USA Today* newspaper during the statutory period.  All of their claims fail at the starting gate.

Finally—even setting aside these defects—Plaintiffs' VRPA claims are also barred by the 3-year statute of limitations ("SOL") provided by MCL § 600.5805(2), which applies to "all actions to recover damages . . . for injury to a person[.]"[2] Michigan courts routinely apply MCL § 600.5805(2) to actions based on personal privacy injuries, e.g., invasion of privacy.  Here, Plaintiffs are seeking to recover

statutory period under either a three or six-year statute of limitations theory.  This conduct falls short of the spirit of Local Rule 7.1.

[2] Gannett acknowledges recent adverse rulings in the Eastern District of Michigan and Western District of Michigan applying a six-year statute of limitations to claims brought under the VRPA.  As discussed infra, Gannett respectfully believes those rulings are in error.  Gannett also raises SOL based arguments in the instant Motion to preserve those issues for appeal as necessary.

damages for alleged personal privacy injuries resulting from Gannett's purported violations of the VRPA, so their claims fall within the scope of MCL § 600.5805(2). Because Plaintiffs are seeking to recover for alleged violations before July 30, 2016, their VRPA claims were time barred by MCL § 600.5805(2) on July 30, 2019.

For these reasons, the Court should dismiss Plaintiffs' Complaint with prejudice.

## II.    BACKGROUND

Plaintiffs filed their Complaint exclusively under the 1989 version of the VRPA, which ceased to exist as of July 31, 2016. *See* Compl. ¶ 1 (at n.2). The Michigan Legislature amended the VRPA, effective July 31, 2016, to eliminate the $5,000 statutory penalty and make clear that plaintiffs must prove "actual damages" to recover under the Act. *See* 2016 Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)). Here, Plaintiffs' VRPA claims turn on alleged violations *before* July 31, 2016. *See* Compl. ¶ 76 (Gannett's alleged disclosures of Plaintiffs' and the class's private reading information "during the relevant pre-July 30, 2016 time period" violated their "right to privacy in their reading habits").

## III.   ARGUMENT

### A.     There Was No Actionable Disclosure of USA Today Newspaper Subscriber Information During the Statutory Period.

To begin, all Plaintiffs lack statutory standing to bring the Complaint because Gannett did not disclose *USA Today* newspaper subscriber information—including

any of the information Plaintiffs purport is in the possession of Gannett—to third parties during the statutory period alleged by Plaintiffs. *See Coulter-Owens v. Time Inc.*, 695 F. Appx. 117, 121 (6th Cir. 2017) (the PPA "confers statutory standing on a person whose information was disclosed in violation of it."). Here, there is no actionable disclosure.

Gannett did not disclose any *USA Today* newspaper subscriber information to list brokers, data aggregators, data cooperatives, data brokers, or other intermediaries during the statutory period alleged by Plaintiffs in the Complaint, including from January 1, 2015 to July 31, 2016. (Trask Decl., ¶ 6). Gannett also did not disclose any *USA Today* newspaper subscriber information to NextMark, Inc. during the statutory period alleged by Plaintiffs in the Complaint, including from January 1, 2015 to July 31, 2016. (Trask Decl., ¶ 7)

Thus, the Complaint must be dismissed with prejudice because Gannett did not disclose *USA Today* newspaper subscriber information to third parties.

### B. Plaintiffs Batts, Braun, Coleman, and Mareddy Lack Statutory Standing Because They Are Not Customers Under The VRPA.

The Complaint is also flawed because Plaintiffs Batts, Braun, Coleman, and Mareddy never purchased, rented, borrowed, or otherwise subscribed to *USA Today* newspaper and are thus not "customer[s]" with standing to sue under the VRPA.

The Michigan Supreme Court left no dispute about the threshold requirement that a plaintiff be a "customer" of a defendant to bring an action under the VRPA.

4

*In re Certified Question from the United States Court of Appeals for the Ninth Circuit (Deacon v. Pandora Media, Inc.)*, 499 Mich. 477 (2016). According to the Michigan Supreme Court, a plaintiff must have "purchase[d], rent[ed], or borrow[ed]" the media at issue. *Id*. at 483-88, citing MCL 445.1711(a). While both a purchase and rental require payment in exchange for media, borrowing requires a "promise" by the subscriber to return the media to the publisher. *Id*. at 484-87.

Plaintiffs Batts, Braun, Coleman, and Mareddy did not purchase, rent, or borrow a *USA Today* newspaper subscription from Gannett during **any** time period. (Trask Decl., ¶ 5). Gannett has never received any payment from them in connection with a *USA Today* newspaper subscription, including from January 1, 2015 to July 31, 2016. (Trask Decl., ¶5).

### C.    Plaintiffs' Claims Are Time Barred.

Finally, Plaintiffs' Complaint also fails because it is time-barred by MCL § 600.5805(2), which provides a three-year statute of limitations for "all actions to recover damages . . . for injury to a person[.]"

Michigan courts consistently hold that claims seeking redress for injuries sounding in privacy torts, such as invasion of privacy, are actions for injury to a person subject to MCL § 600.5805(2). *See, e.g.*, *Arent v. Hatch*, 133 Mich. App. 700, 705 (1984) (applying the three-year limitations period to invasion of privacy claim); *Cooper v. Team Wellness (Mental Health) Services Supervisor*, 18-1162,

2018 WL 7360647, at *2 (6th Cir. Oct. 11, 2018) ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)").

Plaintiffs' VRPA claims are most directly analogous to the common law privacy tort of invasion of privacy. Thus, Plaintiffs' Complaint—filed more than *five* years after the alleged misconduct occurred—is an action to recover damages for invasion of privacy injuries to a person and must be dismissed by the three-year statute of limitations provided by MCL § 600.5805(2).

> 1.   *MCL § 600.5805 governs all actions for personal injury, including personal privacy injuries.*

MCL § 600.5805 provides "[a] person *shall not bring* or maintain an action to recover damages *for injuries to persons* or property unless … the action is commenced within the periods of time prescribed by this section." MCL § 600.5805(1) (emphasis added). "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury *for all actions* to recover damages for the death of a person or *for injury to a person* or property." *Id.* (emphasis supplied); *See also Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 535 N.W.2d 187, 189 (Mich. 1995); *Herrin v. Dunham*, 481 F. Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983—"[i]n Michigan, one statute of limitations applies to all

personal injury claims.").  Accordingly, in Michigan, all claims for injury to a person

must be brought within three years.[3]

To determine whether MCL § 600.5805(2) applies, courts examine the

"nature and origin" of the claim, and the type of interest allegedly harmed.  *Garden*

*City Osteopathic Hosp. v. Hbe Corp.,* 55 F.3d 1126, 1133 (6th Cir. 1995) ("do not

look to the type of damages, but rather to the source of damages").  If the asserted

claim alleges an injury to person, and in particular where a claim mirrors a claim

traditionally recognized in tort, then the claims are subject to the three-year

limitations period.

As the Michigan Supreme Court recently explained:

> [I]f an action is founded on a "consensual" duty or obligation or the
> breach of an "express promise," the action is not for personal injury.  It
> is an action to recover damages for breach of contract and is governed
> by the six-year statute of limitations in MCL 600.5807.  By contrast,
> when an action is founded on a "nonconsensual" duty or one "imposed
> by law," the action is generally governed by the three-year statute of
> limitations in MCL 600.5805.

*Miller-Davis Co. v. Ahrens Constr., Inc.*, 802 N.W.2d 33, 38-39 (Mich. 2011); *see*

*also Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 644 (1977) ("where the nature

---

this motion[3] By contrast, MCL § 600.5807 governs an action for breach of contract.
Critically, MCL § 600.5813—the section on which Plaintiffs apparently rely—only
applies if *neither* Section § 600.5805 *nor* Section § 600.5807 applies. *Local 1064,*
*RWDSU AFL-CIO*, 449 Mich. at 327-28 ("Section 5805 is a more specific statute of
limitations than § 5813 and therefore controls if applicable to this action.").

and origin of an action to recover damages for injury to persons or property is a duty imposed by law," the three-year statute of limitations in Section 699.5805 applies).

Under this analysis, Michigan courts routinely apply the three-year statute of limitations in cases alleging invasions of privacy. *See Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108, at *4 (Mich. Ct. App. Aug. 13, 2019) (applying the three-year limitation period to invasion of privacy, unlawful intrusion claim); *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 159 (Mich. Ct. App. 2004) (applying the three-year limitations period to false-light invasion of privacy claim); *Arent*, 133 Mich. App at 705 (1984) (applying the three-year limitations period to invasion of privacy claim); *Cooper*, 2018 WL 7360647, at *2 ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)"); *Mcintyre v. Ogemaw County Bd. of Commissioners*, 15-CV-12214, 2016 WL 4917537, at *3 (E.D. Mich. Sept. 15, 2016) (applying three-year statute of limitations to common law privacy claim).

Thus, in Michigan, claims for personal privacy injuries are governed by the three-year limitations period provided by MCL § 600.5805(2).

> 2.   *Claims brought under the VRPA are analogous to traditional common law tort claims for invasion of privacy and therefore MCL § 600.5805(2) applies.*

The VRPA is a personal-privacy-centric statute designed "to protect individual consumers from certain disclosures of their personal information."

*Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013). The preventive purpose of the VRPA has clear underpinnings in common law tort concepts related to invasion of privacy and publication harms: "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); see also *Ward v. Natl. Patient Account Services Sols., Inc.*, 20-5902, --F.4th--, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) ("Had Ward claimed, for example, that NPAS, Inc. improperly shared personal information with a third party, … then Ward's alleged harm would more closely resemble an invasion of privacy."); *Lin v. Crain Commc'ns, Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020) (Michigan enacted the VRPA to address concerns related to an "unwarranted invasion of privacy.") (quoting *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989, attached to Compl., Ex. B); *see also* 1988 Mich. Pub. Act No. 378 (VRPA is "[a]n act to *preserve personal privacy* with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act.") (emphasis supplied).

Plaintiffs' VRPA claims stem from the pre-July 30, 2016 version of the VRPA, which is no coincidence as Plaintiffs are specifically seeking $5,000.00 in

statutory penalties per class member—a "feature" of the VRPA that was removed by amendment effective after July 30, 2016.  *See* Compl. ¶ 73 (seeking $5,000.00 in statutory penalties per Class member).  Accordingly, Plaintiffs' Complaint is clearly "an action to recover damages for injuries to persons," i.e., statutory penalties for alleged personal privacy injuries, and is therefore subject to a three-year statute of limitations under MCL § 600.5805(2); s*ee also, e.g.*, Compl., ¶ 51 ("Gannett disclosed its customers' Private Reading Information – including their reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'"); *id.*, ¶¶ 5-8, 19-25 (Plaintiffs describing alleged harm as unauthorized disclosures of their and the class's private personal information and the VRPA as a mechanism to protect personal privacy rights).

Plaintiffs compare Michigan's VRPA with the federal Video Privacy Protection Act ("VPPA").  *See* Compl., ¶ 22.  Many courts have held that the VPPA reflects a codification of the common law right to privacy.[4]  As noted by the Senate

---

[4] *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1340-41 (11th Cir. 2017) ("the VPPA's creation of a cause of action for this type of an invasion of privacy 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'") (quoting *Spokeo*); *Eichenberger v. ESPN, Inc*., 876 F.3d 979, 982-84 (9th Cir. 2017) ("although the FCRA outlines procedural obligations that sometimes protect individual interests, the VPPA identifies a substantive right to privacy that suffers any time a video service provider discloses otherwise private information."); *In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1215-17 (C.D. Cal. 2017)(" Plaintiffs' VPPA claims are even more deeply rooted in the common law. Warren and Brandeis traced the development of the tort of invasion of privacy in part to cases involving the

Report cited in Plaintiffs' Complaint, the purpose of VPPA is "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S.Rep. No. 100–599, at 1 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1; see also *id*. ("This bill will give specific meaning to the right of privacy, as it affects individuals in their daily lives."). Senator Simon's statement, which Plaintiffs specifically cite, provides:

> [A]s we continue to move ahead, we must protect time honored values that are so central to this society, particularly our right to privacy. The advent of the computer means … that we have the ability to be more intrusive than ever before. Every day Americans are forced to provide to businesses and others personal information without having any control over where that information goes.

*Id*. at S5401.

Like the VPPA, the VRPA also protects consumers' right to privacy and likewise substantively resembles a traditional, common law tort action for invasion of privacy. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 640-41 (E.D. Mich. 2017) ("[T]he right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century …"); *Boelter v. Advance Mag. Publishers Inc.*, 210 F. Supp. 3d 579, 590

---

disclosure of information in breach of a confidential relationship."); *Yershov v. Gannet Satellite Info. Network, Inc*., 204 F. Supp. 3d 353, 362 (D. Mass. 2016) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.").

(S.D.N.Y. 2016) (explaining that "the harms contemplated by [the VRPA and its federal analog] have close ties to those recognized by the common law tort of invasion of privacy"); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("'Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'") (citation omitted).

Courts in Michigan recognize that a claim for violating the VRPA is an invasion-of-privacy tort claim. *See, e.g.*, *Lin*, 2020 WL 248445, at *2 (noting that the VRPA addressed "invasion[s] of a legally protected privacy interest"); *Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 119 (6th Cir. 2017) (noting that the plaintiff claimed "an invasion of privacy in violation of Michigan's Preservation of Personal Privacy Act"); *Moeller.*, 235 F. Supp. 3d at 873 (stating that violations of the VRPA are "invasion[s] of plaintiffs' privacy"); *Halaburda v. Bauer Publ'g Co., LP*, No. 12-CV-12831, 2013 WL 12246914, at *1 (E.D. Mich. Dec. 23, 2013) (stating that the Michigan Legislature granted citizens "a privacy right").

Thus, Plaintiffs' VRPA claims are analogous to traditional tort claims for personal privacy injuries and invasion of privacy and are subject to MCL § 600.5805(2).

Plaintiffs' Complaint—taken as true for purposes of this Motion—confirms the "nature and origin" of their claims are grounded in personal privacy injuries, as

virtually all of the operative allegations related to injury are framed in the context of personal privacy:

- The VRPA was enacted to further protect "citizens' privacy rights." Compl. ¶ 19.

- The "intimate process" associated with reading books and magazines "should be protected from the disruptive intrusion of a roving eye." *Id*. ¶ 21.

- The VRPA established that "a person's choice in reading, music, and video entertainment is a private matter." *Id*. ¶ 24.

- "Consumers Place Monetary Value on their Privacy and Consider Privacy Practices When Making Purchases." *Id*. ¶¶ 39-44.

- The activities protected by the VRPA are "so private" because they "reveal our likes and dislikes, our interests and our whims. They say a great deal about our dreams and ambitions, our fears and our hopes." *Id*. ¶ 23.

- Gannett's alleged VRPA violations included the disclosure of customers' "reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'" *Id*. ¶ 51.

The only allegations of injury in the Complaint not cabined to personal privacy are still framed as personal injuries, though in the physical context. *See, e.g.*, Compl. ¶ 7 (suggesting that Gannett's allegedly unlawful conduct is "also dangerous" because it purportedly "allows for the targeting of particularly vulnerable members of society." Therefore, not only do Plaintiffs' allegations of personal privacy harm constitute personal injuries under MCL § 600.5805(2), but so do their explicit allegations of purportedly imminent physical harm.

Thus, the three-year statute of limitations provided by MCL § 600.5805(2) applies to Plaintiffs' Complaint.

In response Plaintiffs will likely point to recent decisions from the Eastern and Western District Courts of Michigan finding the six-year limitations period under MCL § 600.5813 applies to VRPA claims. (*e.g.*, *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-cv-11404, 2022 U.S. Dist. LEXIS 27591 (E.D. Mich. Feb. 15, 2022); *Krassick v. Archaeological Inst. of America*, No. 2:21-cv-00180, ECF No. 34, Opinion Denying Motion to Dismiss, W.D. Mich. June 9, 2022).

Gannett respectfully submits that those decisions—which are non-binding on this Court—largely rely on incorrect readings of *Palmer Park Square, LLC v. Scottsdale Insurance Co.,* 878 F.3d 530 (6th Cir. 2017) and *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 631 NW2d 59 (2001) to reach the proposition that all statutory causes of action not otherwise provided for are subject to the six year SOL.

*Palmer Park Square* does not hold that all statutory claims are subject to a six-year limitations period by default.  Instead, the holding in *Palmer Park Square* turned on the nature of the claim: the fact that the plaintiff was pursuing a claim for a statutory penalty rather than a claim for personal injury.  *Palmer Park Square*, 878 F.3d at 539.  Indeed, *Palmer Park Square* involved a ***business*** seeking to recover a statutory penalty interest.  *Palmer Park Square*, 878 F.3d at 533.  Similarly, *DiPonio* was an action by a ***business*** to recover under the Michigan builders' trust fund law. *DiPonio*, 631 N.W.2d at 61.  **Neither *Palmer Park Square* nor *DiPonio* were actions by a person to recover for injuries to a person**.

The bare fact that the VRPA is a statute does not prevent the applicability of MCL § 600.5805(2) and its three-year statute of limitations to Plaintiffs' Complaint. Instead, the Court should analyze the relief sought by Plaintiff, i.e., personal recovery for alleged privacy injuries.

> 3.    *Plaintiffs' Complaint is barred by the three-year SOL under MCL § 600.5805(2).*

As developed above, Plaintiffs' Complaint—based on alleged pre-July 30, 2016 violations of the VRPA—is subject to the three-year statute of limitations period provided by MCL § 600.5805(2) because it seeks recovery for privacy injuries and other personal injuries to Plaintiffs' person.  Because Plaintiffs failed to file their Complaint within three years, it must be dismissed with prejudice.

**D.    Alternatively, The Complaint Must Be Dismissed Because Plaintiffs Lacks Article III Standing.**

Plaintiffs' VRPA claims were extinguished by the three-year statute of limitations provided by MCL § 600.5805(2).  This defect—like the first two raised above—is not curable.   However, if the Court were to conclude that Plaintiffs' alleged privacy injuries do not constitute injuries to a person as contemplated by MCL § 600.5805(2), the Court should alternatively dismiss Plaintiffs' VRPA claims because they lack Article III standing.

Article III standing is needed to confer subject matter jurisdiction upon federal courts.  *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002). To establish the "irreducible constitutional minimum of standing" under Article III, a plaintiff must show: (1) that he suffered actual injury; (2) that the injury is traceable to the challenged action of the defendant; and (3) that the injury may be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).   An injury must be "concrete, particularized, and actual or imminent" to satisfy the requirements of Article III.   *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021).  As in any other case in federal court, "named plaintiffs who represent a class must allege and show that they personally have been injured" to confer standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotations omitted).

*TransUnion* is controlling.   In *TransUnion*, the Supreme Court held that Article III's injury-in-fact requirement applies in full-force "even in the context of a

16

statutory violation." *TransUnion*, 141 S. Ct. at 2205.  Citing *Spokeo, Inc v. Robins*, 578 U.S. 330, 341 (2016), the *TransUnion* court "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*.  In distinguishing between putative class members that satisfied Article III from those that fell short of the mark, the *TransUnion* court focused on whether the "alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id*. at 2204 (citing *Spokeo*, 578 U.S. at 341).

In other words, the relevant "inquiry asks whether plaintiffs have identified ***a close historical or common-law analogue for their asserted injury.***" *Id*. (emphasis added).  A plaintiff that "has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts" lacks standing.  *Id*. at 2206.  Likewise, a plaintiff that is "not seeking to remedy any harm to herself but is merely seeking to ensure a defendant's 'compliance with regulatory law' fails to satisfy Article III.  *Id*. (citing *Spokeo*, 578 U.S. at 345).

Here, to satisfy *TransUnion* and *Spokeo*, Plaintiffs must allege that Gannett's purported VRPA violations caused them a concrete and particularized personal harm analogous to a common-law injury recognized by American courts.  In doing so,

Plaintiffs must necessarily concede applying the three-year statute of limitations provided by MCL § 600.5805(2), which applies to all actions to recover for injuries to a person.  (*See* Section III.B).

In sum, Plaintiffs cannot avoid the application of MCL § 600.5805(2) to the Complaint while alleging the concrete and particularized injury necessary for Article III standing.  Either Plaintiffs suffered a personal injury subject to MCL § 600.5805, or they are pursuing purely technical alleged statutory violations for which they do not have Article III standing.

## IV.   CONCLUSION

For these reasons, Gannett Co. requests that the Court grant its Motion and dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

HONIGMAN LLP

By: /s/ *J. Michael Huget*
    J. Michael Huget (P39150)
    Robert M. Riley (P72290)
    Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*
*Gannett Co.*

Dated: August 12, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2022, a copy of the foregoing document was filed electronically and served by email to all parties through the Court's electronic filing system or by mail to anyone unable to accept electronic filing as shown on the Notice of Electronic Filing.

/s/ <i>J. Michael Huget</i>
J. Michael Huget
