**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHRISTOPHER BATTS; CAROLYN
BRAUN; VELMA COLEMAN; JOHNNY
SABBAG; AND ASHA MAREDDY,
individually and on behalf of all others
similarly situated,

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

       Plaintiffs,

vs.

GANNETT CO.,

       Defendant.

                         /

## DEFENDANT GANNETT, CO.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A NOTICE OF <u>SUPPLEMENTAL AUTHORITY</u>

Defendant Gannett, Co. ("Gannett") hereby submits this Response to Plaintiffs' Motion for Leave to File a Notice of Supplemental Authority (ECF No. 26) ("Motion"). In support of its Response, Gannett relies on the attached Brief.

WHEREFORE, Defendant Gannett, Co. respectfully requests the Court deny Plaintiffs' Motion for leave to file a Notice of Supplemental Authority.

1

Dated: March 17, 2023

Respectfully submitted,

HONIGMAN LLP

By: /s/ *J. Michael Huget*
     J. Michael Huget (P39150)
     Robert M. Riley (P72290)
     Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*
*Gannett Co.*

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER BATTS; CAROLYN
BRAUN; VELMA COLEMAN; JOHNNY
SABBAG; AND ASHA MAREDDY,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

GANNETT CO.,

        Defendant.

_____/

Case No. 22-cv-10685
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.


## BRIEF IN SUPPORT OF DEFENDANT GANNETT, CO.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

## **STATEMENT OF ISSUE PRESENTED**

1.      Whether Plaintiffs' should be granted leave to file a Notice of Supplemental Authority in Support of Plaintiffs' Opposition (ECF No. 20) to Defendant's Motion to Dismiss (ECF No. 18)?

Defendant Answers: No.

## <u>MOST CONTROLLING AUTHORITY</u>

- *Murphy, et al. v. Active Interest Media, Inc.*, Case No. 2:22-cv-12159, ECF No. 31 (E.D. Mich. Mar. 9, 2023)

- Local Rule 7.1

## INTRODUCTION

On March 3, 2023, Plaintiffs filed a Motion for Leave to File a Notice of Supplemental Authority (ECF No. 26) regarding a report and recommendation issued by Magistrate Judge Altman in *Briscoe v. NTVB Media Inc.*, Case No. 4:22-cv-10352, ECF No. 41 (E.D. Mich. Mar. 3, 2023) (Ex. 1 to Plaintiffs' Motion, ECF No. 26-1). Plaintiffs contend the report in *Briscoe* supports their Opposition (ECF No. 20) to Gannett's pending Motion to Dismiss (ECF No. 18). Plaintiffs are incorrect for multiple reasons. And they blatantly violated Local Rule 7.1 in demanding a response to their request for concurrence in this Motion in 26 minutes (!) late on a Friday afternoon.

The Court should deny Plaintiffs' Motion.

## ARGUMENT

**1.   The *Briscoe* Report Is Not Necessary For Consideration Of Gannett's Motion Because It Is A Non-Binding, Non-Adopted Recommendation**.

Plaintiffs' attempt to convince a court in this district to rely on *Briscoe* in ruling on a pending motion to dismiss has been soundly rejected as improper by Judge Lawson in *Murphy, et al. v. Active Interest Media, Inc.*, Case No. 2:22-cv-12159, ECF No. 31 (E.D. Mich. Mar. 9, 2023) (attached as Exhibit 1).

The *Murphy* plaintiffs sought the same relief Plaintiffs seek here—and are represented by the same counsel. In that case, they argued that Judge Altman "expressly declined to follow *Nashel v. New York Times*, 2022 WL 6775647 (E.D.

Mich. Oct. 11, 2022),” and instead “held” that the *Briscoe* complaint, which is “nearly identical to the operative complaint in [*Murphy*],” stated a plausible claim. (*Murphy*, Case No. 2:22-cv-12159, ECF No. 27 at ¶ 2(a)). Here, Plaintiffs are also arguing that this Court should decline to consider *Nashel* because the operative Complaint in this case is “nearly identical” to the complaint in *Briscoe* (and, it follows, also “nearly identical” to the complaint in *Murphy*). (ECF No. 26 at ¶ 2(a)).

Judge Lawson squarely rejected that argument in *Murphy*. He ruled that the *Briscoe* decision “is [merely] a report and recommendation issued by a magistrate judge in this district; the report has not been adopted, presently is open to objection, and is not binding on this Court.” (Ex. 1, p. 1). Accordingly, Judge Lawson concluded that the *Briscoe* ruling “is not necessary to the full consideration of issues presented in the defendant’s motion.” (*Id.*)

Like in *Murphy*, the *Briscoe* report and recommendation is not binding on this Court. It is not a judicial opinion. It has not been adopted as authoritative. And is unnecessary for the Court’s consideration of the issues presented in Gannett’s Motion to Dismiss.

The Court should deny Plaintiffs’ Motion.

**2.     The *Briscoe* Report Supports This Court’s Consideration Of Gannett’s Plausibility Argument**.

Notably, Judge Altman in *Briscoe* rejected the plaintiffs’ argument that the Court should not consider defendant’s plausibility defense where the defendant’s

2

motion to dismiss was not expressly styled under Fed. R. Civ. P. 12(b)(6). (Ex. A to Ex. 1 to Plaintiffs' Motion, ECF No. 26-1 at p. 13.) According to Judge Altman, "finding [defendant's] [Rule 12(b)(6)] argument waived would likely result in it being raised later under Rule 12(c), which would not promote efficiency. (*Id*.) Further, "a relevant decision in *Nashel* was issued between the filing of the prior complaint and the operative one." (*Id*.)

Here, at oral argument on Gannett's Motion to Dismiss, Plaintiffs likewise argued the Court should not consider the plausibility of their Complaint against Gannett because Gannett's opening brief was not expressly styled under Rule 12(b)(6). However, Gannett's Motion to Dismiss (ECF No. 18), Reply in Support (ECF No. 21), and Notice of Supplemental Authority (ECF No. 25) directly attack the plausibility of Plaintiffs' conclusory and barebones allegations against Gannett. Thus, like in *Briscoe*, failing to address those issues now and instead reserving them for a future motion would not promote efficiency. Also, the relevant *Nashel* ruling was issued ***after*** Gannett filed its Motion to Dismiss.

The Court should reject Plaintiffs' argument that the Court is foreclosed from addressing the plausibility of Plaintiffs' claims against Gannett.

3.     **The *Briscoe* Report Supports The Application Of *Nashel* To Plaintiffs' Boilerplate Complaint Against Gannett**.

Third, Judge Altman's reasoning in *Briscoe* supports the application of *Nashel* to Plaintiffs' Complaint against Gannett. Judge Altman's non-binding report relied

3

on two cases outside of this district in distinguishing *Briscoe* from *Nashel*: *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018) and *Piper v. Talbots, Inc.*, 507 F. Supp. 3d 339, 344 (D. Mass. 2020) (analyzing **Virginia's** version of the PPPA). According to Judge Altman, the *Briscoe* complaint contained "specific factual content to create the inference that [the defendant] sold [the plaintiffs'] data without consent in violation of the statute," including a "post-dated data card," and therefore was distinguishable from *Nashel* "where the data card contained information pre-dating the plaintiffs' claims." (Ex. A to Ex. 1 to Plaintiffs' Motion, ECF No. 26-1 at p. 17).

Here, as Plaintiffs conceded at oral argument on Gannett's Motion to Dismiss, the operative Complaint against Gannett is a carbon copy of similar complaints against **other** publishers, does not rely on **any** information specific to Gannett (even setting aside any temporal factor), and is not based on "specific factual content" as observed by Judge Altman in *Briscoe*.

4. **The Court Should Sanction Plaintiffs' Counsel For Ignoring Local Rule 7.1**.

Finally, Plaintiffs blatantly ignored Local Rule 7.1 in filing this Motion. Plaintiffs' counsel notified Gannett's counsel on Friday, March 3, 2023 at 3:34 p.m. that it would be filing the Motion at 4:00 p.m. that same day if Gannett did not capitulate to its requested relief. (See Exhibit 2). In other words, Plaintiffs gave Gannett's counsel 26 minutes to review their request for concurrence, review the 40-

4

page report and recommendation in *Briscoe*, confer with Gannet, and formulate a reasoned response. It goes without saying that such a request is inherently unreasonable and clearly made in bad faith.

The Court's practice guidelines suggest that the Court takes Local Rule 7.1 seriously and requires a good faith meet and confer to avoid exactly the situation now before the Court. Plaintiffs' counsel's conduct was not in good faith and designed to intentionally skirt norms established to avoid needless motion practice. And more fundamentally, it deprived the parties an opportunity to engage in the interactive process contemplated by Local Rule 7.1, all because Plaintiffs desperately wanted to file a motion at the close of business on Friday.

Gannett requests that the Court sanction Plaintiffs for their violation of the Court's Local Rules in the amount of Gannett's attorneys' fees in connection with this response.

## CONCLUSION

For these reasons, Defendant Gannett, Co. requests the Court deny Plaintiffs' Motion for Leave to file a Notice of Supplemental Authority and sanction Plaintiffs for their violation of Local Rule 7.1.

Dated: March 17, 2023

Respectfully submitted,

HONIGMAN LLP

By: /s/ *J. Michael Huget*
    J. Michael Huget (P39150)
    Robert M. Riley (P72290)
    Jad Sheikali (IL Bar 6324641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant Gannett Co.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, a copy of the foregoing document was filed electronically and served by email to all parties through the Court's electronic filing system or by mail to anyone unable to accept electronic filing as shown on the Notice of Electronic Filing.

/s/ *J. Michael Huget*
J. Michael Huget

47289001.3