UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTEPHER BATTS; CAROLYN BRAUN; VELMA COLEMAN; JOHNNY SABBAG; and ASHA MAREDDY, individually and on behalf of all others similarly situated, | Case No. 4:22-cv-10685-SDK-CI <br><br> Honorable Shalina D. Kumar <br><br> Magistrate Judge Curtis Ivy, Jr. |
| Plaintiffs, | |
| v. | |
| GANNETT CO. | |
| Defendant. | |

## RULE 26(f) Joint Discovery Plan

**Related Cases:**  There are no related cases to report currently.

**Basis for Court's Jurisdiction:**  The Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members.  *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

**Venue:**  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because at least one of the Plaintiffs resides in this judicial District, Gannett does substantial business in this judicial District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this judicial District.

**Please provide a brief summary of the Case and Issues:**

On July 29, 2022, Plaintiffs Christopher Batts, Carolyn Braun, Velma Coleman, Johnny Sabbag, and Asha Mareddy (collectively, "Plaintiffs") filed the operative First Amended Complaint (ECF No. 17) alleging that Defendant Gannett Co. rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' *USA Today* newspaper subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies. As a result, Plaintiffs received a barrage of unwanted junk mail. By renting, exchanging, and/or otherwise disclosing Plaintiffs' Private Reading Information ("PRI") during the relevant pre-July 31, 2016 time period without providing them with prior notice or obtaining Plaintiffs' written consent, Gannett violated Michigan's Preservation of Personal Privacy Act (the "PPPA").

In response to Plaintiff's complaint, on August 12, 2022, Defendant filed its Motion to Dismiss (ECF No. 18) in which it contended that the Plaintiffs' lacked standing to bring their claims, failed to state a claim under the PPPA, and the

48070617.1

claims were time barred. Defendant also attached a Declaration in support of its

Motion to Dismiss which asserted that (i) four of the five named Plaintiffs were not

subscribers to USA Today newspaper and (ii) Defendant did not disclose USA

Today newspaper subscriber information to any third parties. (ECF No. 18-1, ¶¶ 5-

7). The Court denied the motion to dismiss on March 30, 2023 (ECF No. 28).

Defendant filed its Answer and Affirmative Defenses on April 13, 2023 (ECF No.

29) in which it generally denies the substantive allegations in Plaintiffs' complaint.

It further contends that the putative class is not legally proper and that the action is

not properly maintainable as a class action.

The principal factual and legal issues include:  (i) whether Defendant rented

exchanged, and/or otherwise disclosed Plaintiffs' and the putative Class's

newspaper subscription records between December 21, 2015 to July 30, 2016 to

any other person; (ii) whether Defendant is or was engaged in the business of

selling newspapers "at retail" and whether Plaintiff and putative class members

purchased subscriptions from Defendant "at retail;" and (iii) whether this matter is

properly maintainable as a class action.

---

1.  What changes should be made in the timing, form, or disclosures under Rule
    26(a)? Please include when initial disclosures were made or will be made.

    No changes are necessary at this time.  Initial disclosures will be made

by **June 7, 2023**.

2.  What are the subjects on which discovery may be needed? When should discovery be completed? Should discovery be completed in phases or be limited to or focused on particular issues?

      **Plaintiffs' Position**: Plaintiffs believe that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their subscription records; (ii) any written notice Defendant provided to Plaintiffs and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' subscription records between December 21, 2015 and July 30, 2016; (iv) copies of all transmissions of customers' newspaper subscription records to third parties between December 21, 2015 and July 30, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiffs and the putative Class; (vii) subscription and payment records of Plaintiffs and the putative class; and (viii) the size and identities of the putative Class members. Discovery should be completed by **February 16 2024** and should be completed all at once.

Plaintiffs **do not** believe that discovery should be conducted in phases or limited in any manner because the issues pertaining to the named Plaintiffs almost entirely overlap with the issues pertaining to the putative class.  While discovery has been conducted in phases in the case Defendant cites, Plaintiffs' counsel's experience in that case and others was that phasing led to inefficiencies, discovery disputes, and duplicative discovery efforts.

**Defendant's Position**. Defendant disputes Plaintiffs' proposed scope of discovery because it is overbroad at this stage of the case given the fatal deficiencies with at least four of the five named plaintiffs, and because Defendant has submitted unrebutted sworn testimony that Defendant did not disclose subscriber data to third parties, including during the relevant statutory period.

_Discovery should be completed in phases_. Defendant's position is that discovery should be completed in phases, consistent with similar cases brought by Plaintiffs' counsel.  *See, e.g., Lin v. Crain Communications, Inc.*, No. 2:19-cv-11889 (E.D. Mich. June 12, 2020) (Stipulated Order Regarding Discovery Schedule, ECF No. 36, PageID.598).  Phase I of discovery should be limited to the issues raised in Defendant's Declaration in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 18-1). Specifically, Defendant's Declaration asserts that Plaintiffs Batts, Braun, Coleman, and

5

Mareddy did not purchase, rent, or borrow any subscription to USA Today newspaper from Defendant, including during the statutory period. (ECF No. 18-1, ¶ 5). The Declaration also asserts that Defendant did not disclose any USA Today newspaper subscriber information to third parties, including during the statutory period. (ECF No. 18-1, ¶¶ 6-7). The issues raised by the Declaration are potentially dispositive of the litigation. Accordingly, addressing these issues via a limited initial discovery phase will promote judicial economy and conserve the parties' and Court's resources.

The parties should complete this initial phase of discovery by **October 13, 2023**. Phase II of discovery, if and as needed, would address the claims of the putative class.

**3.** Are there any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?

**Plaintiffs' Position**. Yes, Plaintiffs ask Defendant to preserve all documents, communications and other evidence, and to produce it electronically, where possible. Plaintiffs also request that Defendant instruct all relevant third parties, including those to whom it may have transmitted customer data during the relevant time period, to institute litigation holds and preserve all relevant documents and information. *See J.S.T. Corp. v. Robert Bosch LLC*, 2019 WL 2324488, at *8 (E.D. Mich. May 30, 2019) ("[C]ourts in this district have

6

sanctioned parties for failing to ensure the preservation of information in the possession, custody, or control of a third party where the party had a special relationship with the third party or unique circumstances demanded preservation.") (citing *Coach, Inc. v. Dequindre Plaza, LLC*, 2013 WL 2152038, at *7-10 (E.D. Mich. May 16, 2013) (citing cases).

**Defendant's Position**.  As established by Defendant's Declaration in Support of its Motion to Dismiss, Defendant did not disclose any USA Today newspaper subscriber information to third parties, including during the statutory period. (ECF No. 18-1, ¶¶ 6-7). Thus, Plaintiffs' request that "Defendant instruct all relevant third parties, including those to whom it may have transmitted customer data during the relevant time period, to institute litigation holds and preserve all relevant documents and information" is misplaced. Defendant does not have possession, custody, or control over documents held by third parties because Defendant did not contract with any third parties for the transfer, sale, or rental of subscriber information. *See J.S.T. Corporation v. Robert Bosch LLC*, Case No. 15-12842, 2019 WL 2324488 at *8 (E.D. Mich. May 30, 2019) (Rule 37(e) calls only for reasonable steps to preserve and does not apply when information is not within a party's lack of control). In any event, Plaintiffs' claim that there is a preservation "issue" is misplaced and unfounded at this stage of the litigation, given that discovery has not yet commenced. Plaintiffs will be free

to serve third-party discovery at the appropriate time.

**4.** Are there any issues about claims of privilege or of protection as trial preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502?

Yes. Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties will petition the court to enter a Stipulated Protective Order by **June 14, 2023**.

**5.** What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

**Plaintiffs' Position**.  No changes should be made.

**Defendant's Position**.  Discovery should be conducted in phases as described above.

**6.** Are there any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

---

## Proposed Dates

| Plaintiffs' Proposed Schedule | |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. R. 26(a)(1): | June 7, 2023 |

| | |
|---|---|
| Deadline to Amend Pleadings: | July 14, 2023 |
| Deadline for Identification of all witnesses (including experts): | February 16, 2024 |
| Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) by **Plaintiff** experts are due: | March 21, 2024 |
| Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) by **Defendant** experts are due: | April 25, 2024 |
| Rebuttal reports are due: | May 23, 2024 |
| Deadline for **completing discovery**: | February 16, 2024 |
| Status Conference date and time: | March 7, 2024 |
| Class Certification Motion: | March 21, 2024 |
| Opposition to Class Certification Motion: | April 25, 2024 |
| Reply in support of Class Certification Motion: | May 23, 2024 |
| Dispositive Motions must be filed by: | TBD after decision on class certification |

| Defendant's Proposed Schedule | |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. R. 26(a)(1): | June 7, 2023 |

9

48070617.1

| Deadline to Amend Pleadings: | July 14, 2023 |
|---|---|
| Phase I Witness List Exchange | September 8, 2023 |
| Deadline to Complete Phase I of Discovery | October 13, 2023 |
| Deadline to File Dispositive Motions Regarding Phase I Discovery | November 10, 2023 |
| Phase II Witness List Exchange (if necessary): | February 16, 2024 |
| Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) by **Plaintiff** experts are due: | March 21, 2024 |
| Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) by **Defendant** experts are due: | April 25, 2024 |
| Rebuttal reports are due: | May 23, 2024 |
| Deadline to Complete Phase II Discovery (if necessary): | February 16, 2024 |
| Status Conference date and time: | March 7, 2024 |
| Class Certification Motion: | March 21, 2024 |
| Opposition to Class Certification Motion: | April 25, 2024 |
| Reply in support of Class Certification Motion: | May 23, 2024 |
| Deadline to File Dispositive Motions Regarding Phase II Discovery: | TBD after decision on class certification |

48070617.1

Has a jury demand been filed in this case?   ☒ YES   ☐ NO

What is the estimated length of the jury trial?  The parties estimate that the trial will last 5-7 days.

What is the estimated length of the bench trial?  N/A

**Please review the Court's Practice Guidelines for Discovery.**

Dated:  May 17, 2023                     Respectfully submitted,

**CHRISTOPHER BATTS, CAROLYN BRAUN, VELMA COLEMAN, JOHNNY SABBAG & ASHA MAREDDY**, individually and on behalf of all others similarly situated,

By:_____ */s Philip L. Fraietta*_____
One of Plaintiff's Attorneys

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131

48070617.1

Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

*Counsel for Plaintiffs and the putative class*


Respectfully submitted,

HONIGMAN LLP

By: /s/ J. Michael Huget
J. Michael Huget (P39150)
Robert M. Riley (P72290)
Jad Sheikali (IL Bar 6324641)
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Tel: (734) 418-4254
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Gannett Co.*


Dated: May 17, 2023

48070617.1