# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated, | Civil Action No.: 4:22-cv-10685 |
| Plaintiff, | Hon. Shalina D. Kumar |
| v. | |
| GANNETT CO., | |
| Defendant. | |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into between Plaintiff Johnny Sabbag through his counsel, and Defendant Gannett Co. ("Defendant" or "Gannett Co") through its counsel, (each a "Party," and collectively, the "Parties");

WHEREAS, in the course of this litigation, the Parties have sought or may seek certain discovery from one another or from certain third parties (each, a "Non-Party"), including through service of document requests, interrogatories, depositions, subpoenas, and otherwise as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court ("Discovery Requests"); and to expedite the exchange of discovery materials, to facilitate the prompt

resolution of disputes over confidentiality, and to protect discovery material

entitled to be kept confidential, the Parties stipulate and agree as follows:

      1.     This Order applies to all information, documents and things

exchanged in or subject to discovery in this litigation either by a Party or a Non-

Party (each a "Producing Person") in response to or in connection with any

request for information or discovery related to the litigation, including without

limitation, deposition testimony (whether based upon oral examination or written

questions), interrogatories, answers to interrogatories, requests for admission,

responses to requests for admission, documents and things produced (including

documents and things produced to the receiving Party for inspection and

documents and things provided to the receiving Party, whether in the form of

originals or copies) as well as any  and all copies, abstracts, digests, notes,

summaries, studies, reports, illustrations, and excerpts thereof (collectively

referred to as "Discovery Material").  The Party seeking documents from a Non-

Party shall provide a copy of this Order to the Non-Party with a subpoena or any

other request for information.

      2.     The Parties agree that the Parties shall submit this Order to the Court,

without alteration, to serve as a Stipulated Protective Order for governing

information exchanges and discovery.  The Parties expressly agree to abide by the

terms of this agreement even if this Order is not entered by the Court for any

reason, unless the Court otherwise determines.

3.     A Producing Person may designate Discovery Material as

"Confidential" or "Highly Confidential – Attorney's Eyes Only" in the manner

provided in paragraphs 5 and 11 below, if such Producing Person believes in good

faith (or  with respect to documents received from another person, has been

reasonably advised by such other person) that such Discovery Material constitutes

or includes information:  (i) that has not been made public and that the Producing

Person would not want to be made public in the ordinary course of its activities,

including, but not limited to, trade secret, proprietary, technical, business,

financial, personal, or any other commercial information or other information of a

nature that can be protected under Federal Rule of Civil Procedure 26(c); (ii) that

the Producing Person is under a preexisting obligation to a third-party to treat as

confidential; or (iii) that the Producing Person has in good faith been requested by

another Party or Non-Party to so designate on the ground that such other Party or

Non-Party considers such material to contain information that is confidential or

proprietary to such Party or Non-Party.  For purposes of this Order, any

confidential designation shall thereafter include all copies of such materials

delivered to or maintained by the receiving Party, their counsel and experts, as

well as all summaries, studies, reports, exhibits, illustrations, or other materials or

communications of any kind, created by experts, consultants or others, based

upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential material.

4.     Any document or thing designated "Highly Confidential – Attorney's Eyes Only" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

     a.    Outside attorney of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area.

     b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party.

     c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

     d.    The Court and its staff members.

5.     Where reasonably practicable, any Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material shall be designated by the Producing Person as such by marking every such page "Confidential" or "Highly Confidential – Attorney's Eyes Only."  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Confidential" or "Highly Confidential – Attorney's Eyes Only."

6.     Discovery Material may be used solely for the prosecution, defense or settlement of this litigation and shall not be used by any other Party, other than the Party that produced it, in any other proceeding, for business, competitive, or publicity purposes, or for any other purpose whatsoever.  Nothing herein, however, shall restrict any Party's use of documents obtained from any source other than another Party or Non-Party during discovery in this litigation, regardless of whether such documents are also produced in discovery in this litigation.  Recipients of Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material under this Order may use such material solely for the

prosecution and defense of this action and any appeals thereto and subject to any other limitations contained in this Order, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

7.  Confidential Discovery Material shall be given, shown, made available to or communicated only to the following:

    a.    Parties, their insurers, counsel to their insurers, and outside counsel and staff working under the express direction of the Parties;

    b.    inside counsel for Gannett Co and its staff;

    c.    the Court overseeing this litigation, and its officers and clerical staff;

    d.    experts and consultants (and their respective staff) that are retained in connection with this litigation;

    e.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

    f.    any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, during or in preparation for his or her noticed deposition, hearing or trial testimony where such Confidential Discovery Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Confidential Discovery Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Confidential Discovery

Material;

g.    outside photocopying, graphic production services, or litigation support services;

h.    court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

i.    any other person or entity with respect to whom the Producing Person may consent in writing.

8.    Before any person or their representative identified in Paragraph 7(d) through 7(i) is given access to Discovery Materials designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" to the person who was provided such access. Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Local Rules of this Court unless a showing of good cause is made and the Court so orders.

9.    Any Party wishing to use Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material in a filing must seek permission by the Court to file such material under seal and, to the extent such permission is

granted, thereafter must file such Confidential or Highly Confidential –
Attorney's Eyes Only Discovery Material under seal.  Confidential or Highly
Confidential – Attorney's Eyes Only Discovery Material and any copies thereof,
and the information contained therein that are filed with the Court or any
pleadings, motions or other papers filed with the Court shall be filed under seal in
a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to
Confidentiality Order," or with such other markings as required by the Court's
rules.  Where possible, only those portions of filings with the Court that disclose
Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material
shall be filed under seal.  Each filing party will make a good faith effort to file
Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material
under seal.  If Confidential or Highly Confidential – Attorney's Eyes Only
Discovery Material is not accepted for filing by the Court under seal, then such
Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material
shall be filed or presented as the Court instructs.

     10.    The limitations on disclosure in this Order shall not apply to any
Discovery Materials offered or otherwise used by any Party at trial or any hearing
held in open court, except as provided in this paragraph.  Prior to the use of any
Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material
at trial or any hearing to be held in open court, counsel for any Party (whether or

not a Producing Person) who desires to so offer or use such Confidential or

Highly Confidential – Attorney's Eyes Only Discovery Material shall meet and

confer with the Producing Person together with any other Parties who have

expressed interest in participating in such meet and confer to discuss ways to

redact or limit disclosure of the Confidential or Highly Confidential – Attorney's

Eyes Only Discovery Material so that the material may be offered or otherwise

used by any Party.  If the Parties are unable to resolve a dispute involving such

redaction, the Party seeking to use such materials at trial or any hearing may then

move the Court to resolve any such dispute.

      11.    In the case of depositions, if counsel for a Party or Non-Party

believes that a portion or all of the testimony given at a deposition constitutes

Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material

of such Party or Non-Party, counsel shall so state on the record and shall request

that the entire transcript or the relevant portion of testimony be sealed.  The court

reporter, who shall first have agreed to abide by the terms of this Order, shall be

instructed to include on the cover page of each sealed transcript the legend:  "This

transcript portion contains information subject to a Protective Order and shall be

used only in accordance therewith."  In addition, each page of the transcript

containing information designated as Confidential or Highly Confidential –

Attorney's Eyes Only shall include the legend "Confidential" or "Highly

Confidential – Attorney's Eyes Only."  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" or "Highly Confidential – Attorney's Eyes Only" as appropriate, if any portion of the transcript itself is so designated.  When testimony is designated as Confidential or Highly Confidential – Attorney's Eyes Only during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.  In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential or Highly Confidential – Attorney's Eyes Only within seven (7) court days of the Party's or Non-Party's receipt of the final transcript from the court reporter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material, and directing the court reporter to place the same under seal as provided in this Paragraph 10.  Until expiration of the aforesaid seven (7) court days period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential or Highly Confidential – Attorney's Eyes Only unless otherwise agreed on the record at the deposition.  Nothing in this Paragraph 10 shall apply to

or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

12.     To the extent that any Discovery Material (including, but not limited to, Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material) includes information the disclosure of which could be deemed to be a violation of the Michigan Video Rental Privacy Act (the "PPPA"), M.C.L. § 445.1711, et seq., this Order shall serve as a "court order" within the meaning of Section 3(b) of the PPPA permitting such information to be disclosed.

13.     Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

14.     If any receiving Party objects to the designation of any Discovery Material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving Party shall first raise the objection with the Party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order.  If such a dispute cannot be resolved after such objection

is first raised, the objecting Party may then move the Court to do so.  Until the

Court rules on such an issue, the Discovery Material shall continue to be treated

as designated.  Upon motion, the Court may order the removal of the

"Confidential" or "Highly Confidential – Attorney's Eyes Only" designation from

any Discovery Material so designated subject to the provisions of this Order.  In

connection with any motion concerning the propriety of a "Confidential" or

"Highly Confidential – Attorney's Eyes Only" designation, the Party objecting to

the designation shall bear the burden of proof.

15.    A receiving Party shall not be obliged to challenge the propriety of a

confidentiality designation at the time made, and a failure to do so shall not

preclude a subsequent challenge thereto.  The failure of any Party to challenge the

designation by another production Party of Discovery Materials as "Confidential"

or "Highly Confidential – Attorney's Eyes Only" during the discovery period

shall not be a waiver of that Party's right to object to the designation at trial.

16.    Within 60 days of the conclusion of the litigation, including all

appeals as to all Parties, all Confidential or "Highly Confidential – Attorney's

Eyes Only" Discovery Material, and all copies or notes thereof in the possession

of any person (other than the Court), shall be returned to counsel for the

respective Producing Person or destroyed, except that counsel may retain their

work product and copies of court filings, transcripts, and exhibits, provided said

retained documents will continue to be treated as provided in this Order. If a person in possession of Confidential or "Highly Confidential – Attorney's Eyes Only Discovery Material" destroys documents after the conclusion of these proceedings, that person shall certify such destruction to opposing counsel. Notwithstanding anything in this paragraph, to the extent that the information in the Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material remains confidential, the terms of this Order shall remain binding.

17.     Any document, material, or information supplied by a third party may be designated by such third party or by any party to this proceeding as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the terms of this Protective Order, and such designation by any third party shall have the same force and effect as if made by a Party.

18.     Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

19.     Any Party, Non-Party, or person subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or Non-Party's information designated under one of the categories of confidentiality pursuant to this Order:

(i) shall promptly notify that Party or Non-Party to enable it to have an

opportunity to appear and be heard on whether that information should be disclosed; (ii) shall not provide such materials without the consent of that Party and unless required by law or regulation; and (iii) shall cooperate with that Party to prevent the unauthorized production of documents.

20.     Nothing in this Order affects the right of any Producing Person that designates material "Confidential" or "Highly Confidential – Attorney's Eyes Only" to use or disclose such material in any way.  Such disclosure will not waive the protections of this Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation.

21.     Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" at the time of production shall not operate to waive a claim that the Discovery Material is "Confidential" or "Highly Confidential – Attorney's Eyes Only."  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, any such Discovery Material shall be

treated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.  If an omitted "Confidential" or "Highly Confidential – Attorney's Eyes Only "designation is first claimed during the course of a deposition or hearing, the subject Discovery Material will be used during that day's deposition or hearing as though such designation had been previously made.

22.     The production of information or documents subject to a claim of privilege or of protection as trial preparation material shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information either in connection with the litigation or in any other state or federal proceeding.  In the event that any information or documents subject to a claim of privilege or of protection as trial preparation material is produced, the Producing Person may notify any Party or Non-Party that received the information or documents of the Producing Party's claim of privilege or work-product immunity and the basis for its claim.  After being notified, a Party or Non-Party must promptly return or destroy the specified information or documents and any copies it has; must not use or disclose the information or documents until the claim is resolved; must take reasonable steps

to retrieve the information or documents if the party disclosed it before being notified; and may promptly present the information or documents to the court under seal for a determination of the claim. The Producing Person must preserve the information or documents until the claim is resolved.  Nothing herein shall be construed to prejudice any Party's right to argue that any document or information is or is not privileged under applicable law.

23.     Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or Non-Party from seeking additional or further limitations on the use or disclosure of such information.

24.     The provisions of this Order shall survive the final termination of the litigation for any retained Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material.

25.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:  November 16, 2023

**SO ORDERED.**

s/Curtis Ivy, Jr.
UNITED STATES MAGISTRATE JUDGE

STIPULATED TO:

*/s/ Jad Sheikali  w/permission*
Michael Huget
Robert M. Riley
Jad Sheikali
HONIGMAN LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com
jsheikali@honigman.com

*Attorneys for Defendant*

*/s/ E. Powell Miller*
E. Powell Miller
THE MILLER LAW FIRM, P.C.
950 W. Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY  10019
Tel: (212) 989-9113
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Wall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinhall.com
dhall@hedinhall.com

*Attorneys for Plaintiff*

### Exhibit A

### DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____ declare under penalty of perjury that:

1.      My address is

_____

2.      My present employer is

_____

3.      My present occupation or job description is

_____

_____

4.      I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order relating to the litigation between Johnny Sabbag and Gannett Co. I further certify that I will not use "Confidential" or "Highly Confidential – Attorney's Eyes Only" information for any purpose other than this litigation, and will not disclose or cause "Confidential" or "Highly Confidential – Attorney's Eyes Only" information to be disclosed to anyone not expressly permitted by the Order to receive "Confidential" or "Highly Confidential – Attorney's Eyes Only," as applicable, information.  I agree to be bound by the terms and conditions of the Order.

1

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" whether at home or at work, all copies of any materials I receive which have been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order.  I acknowledge that the return or destruction of "Confidential" or "Highly Confidential – Attorney's Eyes Only" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving materials designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" (a) I may be receiving material non-public information about companies and (b) there exists laws, including federal securities laws, that may restrict or eliminate the sale or purchase of securities and debt of such companies as a result of the receipt of such information.

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____          _____
                                                                (Signature)