**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GANNETT CO.,<br><br>    Defendant. | Case No. 4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar |

**<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Plaintiff Johnny Sabbag submits this Motion to compel Defendant to reopen the 30(b)(6) deposition, including granting Plaintiff leave to depose Howell Sizemore, and to compel Defendant to adequately prepare the previously-designated deponent or designate a new 30(b)(6) deponent, given Defendant's failure to adequately produce a 30(b)(6) designee prepared to discuss the issues requested in Plaintiff's 30(b)(6) Notice.

Plaintiff, for his Motion, relies upon the arguments and authorities set forth in the Brief in Support of this Motion and the exhibits thereto.

Pursuant to L.R. 7.1(a), Plaintiff requested concurrence from Defendant's counsel in the relief requested by this Motion, making continued efforts to do so, including through correspondence on August 27, 2024, and despite efforts to obtain concurrence, concurrence was not obtained.

Dated: September 12, 2024                    Respectfully submitted,

                                             /s/ *E. Powell Miller*
                                             **THE MILLER LAW FIRM, P.C.**
                                             E. Powell Miller (P39487)
                                             950 W. University Drive, Suite 300
                                             Rochester, MI 48307
                                             Telephone: (248) 841-220
                                             Email: epm@millerlawpc.com

                                             **BURSOR & FISHER, P.A.**
                                             Joseph I. Marchese
                                             Philip L. Fraietta
                                             1330 Avenue of the Americas, 32nd Floor
                                             New York, NY 10019
                                             Telephone: (646) 837-7150

Email: jmarchese@bursor.com
         pfraietta@bursor.com

**HEDIN LLP**
Frank S. Hedin
Arun G. Ravindran
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107
Email: fhedin@hedinllp.com
         aravindran@hedinllp.com

*Attorneys for Plaintiff and Putative Class*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>GANNETT CO.,<br><br>              Defendant. | Case No. 4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar |

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL</u>**

## STATEMENT OF ISSUES PRESENTED

1.   Whether Defendant failed to adequately produce a 30(b)(6) designee prepared to discuss the issues requested in Plaintiff's 30(b)(6) Notice.

     **Plaintiff: Yes**

2.   Whether Defendant must reopen the 30(b)(6) deposition and adequately prepare Ms. Trask or designate a new 30(b)(6) deponent.

     **Plaintiff: Yes**

i

## CONTROLLING AND MOST IMPORTANT AUTHORITIES

- Fed. R. Civ. P. 30(b)(6)

- *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019)

- *In re FirstEnergy Corp. Sec. Litig.*,
  2022 WL 3582366 (S.D. Ohio Aug. 19, 2022)

- *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325 (W.D. Ky. 2022)

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ............................................................. i

CONTROLLING AND MOST IMPORTANT AUTHORITIES ......................... ii

TABLE OF CONTENTS .................................................................................. iii

TABLE OF AUTHORITIES ............................................................................ iv

INTRODUCTION ............................................................................................. 1

APPLICABLE LEGAL STANDARD ............................................................... 3

ARGUMENT ..................................................................................................... 4

I.    Defendant Did Not Uphold Its Duty in Designating the Proper Deponent and Preparing the Deponent ......................................................................... 4

  A.  Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 3, Topic No. 4, and Topic No. 13 of the 30(b)(6) Notice ............................ 5

  B.  Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 5 and Topic No. 14 of the 30(b)(6) Notice ...................................................... 9

  C.  Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 10 of the 30(b)(6) Notice ............................................................................. 11

II.   Defendant Must Produce a New and/or Prepared 30(b)(6) Deponent ........ 13

III.  Plaintiff Should Be Granted Leave to Depose Howell Sizemore ............... 15

CONCLUSION ............................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*ChampionX, LLC v. Resonance Sys., Inc.*,
  2024 WL 2224338 (E.D. Tenn. May 16, 2024)................................................... 4
*Edwards v. Scripps Media, Inc.*,
  331 F.R.D. 116 (E.D. Mich. 2019).................................................................. 13
*In re FirstEnergy Corp. Sec. Litig.*,
  2022 WL 3582366 (S.D. Ohio Aug. 19, 2022) ....................................... 3, 4, 14
*Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*,
  2013 WL 1196606 (S.D. Ohio Mar. 25, 2013).................................................. 15
*Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*,
  2010 WL 4629761 (E.D. Ky. Nov. 8, 2010)........................................................ 4
*Poole v. Textron, Inc.*,
  192 F.R.D. 494 (D. Md. 2000)......................................................................... 13
*Prosonic Corp. v. Stafford*,
  2008 WL 2323528 (S.D. Ohio June 2, 2008)................................................... 14
*Resolution Trust Corp. v. S. Union Co.*,
  985 F.2d 196 (5th Cir. 1993) ............................................................................ 4
*Schnatter v. 247 Grp., LLC*,
  343 F.R.D. 325 (W.D. Ky. 2022)....................................................................... 3
*Smith v. Gen. Mills, Inc.*,
  2006 WL 7276959 (S.D. Ohio Apr. 13, 2006).................................................... 3
*United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc.*,
  1998 WL 1796257 (E.D. Mich. Sept. 4, 1998)................................................... 4
*Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*,
  2016 WL 8114507 (E.D. Mich. July 26, 2016).................................................. 13
*Wicker v. Lawless*,
  278 F. Supp. 3d 989 (S.D. Ohio 2017)............................................................... 4

**Rules**

Fed. R. Civ. P. 30(b)(6)............................................................................. passim

Plaintiff Johnny Sabbag submits this Motion to compel Defendant to reopen the 30(b)(6) deposition, including granting Plaintiff leave to depose Howell Sizemore, and for Defendant to adequately prepare the previously-designated deponent or designate a new 30(b)(6) deponent, given Defendant's failure to adequately produce a 30(b)(6) designee prepared to discuss the issues requested in Plaintiff's 30(b)(6) Notice.

## INTRODUCTION

Defendant Gannett Co. ("Defendant") maintains a vast digital database comprised of its customers' information—full names, publications subscribed to, and home addresses (collectively "Private Reading Information" or "PRI"), as well as myriad other categories of individualized data and demographic information. FAC ¶ 45. In order to prevail in this litigation, Plaintiff must show that Defendant rented, exchanged, or otherwise disclosed the Private Reading Information of Plaintiff and its other Michigan-based subscribers in violation of Michigan's Preservation of Personal Privacy Act ("PPPA").

On April 16, 2024, Plaintiff served upon Defendant with a 30(b)(6) Notice requesting Defendant designate an employee to testify on its behalf on a list of 23 topics. *See* **Exhibit A**.[1] On June 4, 2024, Plaintiff's counsel took the deposition of

---

[1] The deposition notice was ultimately amended to reflect the mutually-agreed upon date and time, but the topics remained the same.

Defendant's 30(b)(6) designee Helen Trask.

Throughout the course of the deposition, it was apparent Ms. Trask was ill-prepared and not a proper 30(b)(6) designee. As outlined below, on at least ten occasions, Ms. Trask told Plaintiff's counsel that Defendant's employee Mr. Howell Sizemore has the necessary information to answer counsel's questions and that she, on the other hand, did not. Ms. Trask repeatedly answered questions stating that she does not know the answer, but someone else at Defendant's company would. Moreover, Ms. Trask was unfamiliar with terminology used within Defendant's database and therefore could not provide adequate testimony regarding exhibits shown to her. These questions were not concerning insignificant issues. They focused on Defendant's contractual relationships with third party data companies and its transmission of customer information to the same – the crux of this lawsuit. Thus, Ms. Trask was not properly prepared or chosen to be Defendant's 30(b)(6) deponent. And Defendant's failure to properly prepare and choose a 30(b)(6) designee has prejudiced Plaintiff. Fact discovery has closed (ECF No. 45) and Plaintiff is left without a proper 30(b)(6) deposition. To remedy the prejudice, the Court should compel Defendant to re-open the Rule 30(b)(6) deposition and designate and prepare an appropriate witness. The Court should also grant Plaintiff leave to take the deposition of Mr. Howell Sizemore.

2

## APPLICABLE LEGAL STANDARD

The duties Defendant has in appointing a proper 30(b)(6) deponent are clear – "the rule requires knowledgeable witnesses—those individuals with the ability to testify about information known or reasonably available to the entity. So **it is the entity's responsibility both to designate a capable individual or individuals** in the first instance, and then to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." *In re FirstEnergy Corp. Sec. Litig.*, 2022 WL 3582366, at *2 (S.D. Ohio Aug. 19, 2022) (quoting *Smith v. Gen. Mills, Inc.*, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006)) (internal citations omitted) (emphasis added). To be clear, "[a] corporate entity cannot circumvent its duties under Rule 30(b)(6) by producing a witness who is not prepared to testify knowledgably about the matters for examination." *Id.* "Proper preparation allows a designee to testify beyond personal knowledge, to all matters reasonably known by the corporation." *Id.* (citing cases); *see also Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 331 (W.D. Ky. 2022) (the responding corporation "is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation"). "The party claiming that a corporate representative was unprepared must make at least an initial showing—with record

3

citations—suggesting that the designee's preparation was inadequate." *ChampionX, LLC v. Resonance Sys., Inc.*, 2024 WL 2224338, at \*3 (E.D. Tenn. May 16, 2024) (citing *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1000 (S.D. Ohio 2017)). When a party has failed to uphold its 30(b)(6) obligations, the Court can grant a motion to compel the reopening of the 30(b)(6) deposition. *See In re FirstEnergy*, 2022 WL 3582366, at \*1.

Finally, "[t]he production of an unprepared witness is tantamount to a failure to appear[.]" *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, 2010 WL 4629761, at \*12 (E.D. Ky. Nov. 8, 2010) (quoting *United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc.*, 1998 WL 1796257, at \*4 (E.D. Mich. Sept. 4, 1998)); *see also Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("If that [corporate] agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all").

## ARGUMENT

### I.  Defendant Did Not Uphold Its Duty in Designating the Proper Deponent and Preparing the Deponent.

Plaintiff moves to compel a new 30(b)(6) designee in light of Ms. Trask's insufficient deposition testimony, or, alternatively, to compel Defendant to reopen Ms. Trask's deposition after Defendant properly prepares her.

4

### A. Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 3, Topic No. 4, and Topic No. 13 of the 30(b)(6) Notice

Topic No. 3 of Plaintiff's 30(b)(6) notice requested Defendant to designate a representative to testify about "each third party to whom Gannett disclosed, transmitted, leased, licensed, rented, or sold Johnny Sabbag's Private Reading Information, including the categories of Private Reading Information transmitted, and when such disclosures, transmissions, leases, licenses, rentals, or sales occurred." Topic No. 4 further requested someone to testify about "Gannett's contracts and agreements (in effect at any point during the December 21, 2015 through July 30, 2016 time period) and work (performed at any point during the December 21, 2015 through July 30, 2016 time period) with Acxiom." Topic No. 13 requested a representative to testify about "the transmission or making available of documents, communications, and/or ESI containing the Private Reading Information of Gannett customers or subscribers residing in Michigan to Acxiom, as well as the contents of such documents, communications, and/or ESI transmitted and/or made available to Acxiom." The transcript speaks for itself – Ms. Trask was inadequate to testify on these topics. *See* **Exhibit B** (Transcript of Ms. Trask).

First, when Ms. Trask was asked about "the services Acxiom was providing to Gannett during the relevant time period" (Transcript, 70:7-10), the following testimony was elicited:

5

Q: Okay and so what type of files was Gannett sending to Acxiom during the relevant time period?

A: It would be files of subscribers and nonsubscribers.

Q: And that would be subscribers to USA TODAY newspapers?

A: I don't know if it did or not.

---

Q: Are you aware of instances during the relevant time period where Gannett would just transfer its existing customer database to Acxiom or to append data on a wholesale basis to all of the records?

A: I can't speak specifically to that.

Q: Okay. Who would be able to do that?

A: Howell Sizemore.

Transcript, 71:1-24.

This was not the only time Ms. Trask failed to perform her duties as a 30(b)(6) deponent, and importantly, was not the only time she pointed to Mr. Sizemore as having the adequate knowledge on a topic. When Ms. Trask was asked about, and shown, the contract between Defendant and Acxiom, she stated the following:

Q: This – these pages do reference the InfoBase Enhancement product. Do you see that?

A: Yes.

Q: Could you tell me what that product is?

A: I – I don't know the name – I know – I have heard of the product. I know the product. I don't know what it is.

6

> Q:    Okay. What about Personicx product, do you know anything about that?
>
> A:    I do not.
>
> Q:    And what about InfoBase analytics or InfoBase telesource?
>
> A:    I do not.

Transcript, 75:22-76:10. This testimony makes abundantly clear Defendant did not properly prepare Ms. Trask to testify about Gannett's "contracts and agreements … with Acxiom" as Topic No. 3 requested.

What's more, Ms. Trask explicitly stated that Mr. Sizemore, rather than herself, would be the proper person to question, evidencing Defendant's error in choosing the proper 30(b)(6) deponent.

> Q:    Who would be the person at Gannett that would be most qualified to answer questions about those products and the services that Gannett received from Acxiom on those products?
>
> A:    Howell Sizemore.
>
> ---
>
> A:    **He [Mr. Sizemore] would be the source for all these questions you are asking me.**
>
> ---
>
> Q:    **Is it fair to say that all of the products and services addressed in this contract would be products and services that Howell Sizemore is the most knowledgeable about at Gannett?**
>
> A:    **Yes.**

7

Transcript, 76:11-24, 77:8-12 (emphasis added). When asked about certain amendments to the contract with Acxiom, Ms. Trask further testified as follows:

Q:   And it says it is an express batch standing order. What does express batch mean?

A:   I would assume a standing order would be that it was outlined when a file would come and go.

Q:   Okay. Does a standing order potentially mean that an order can be placed pursuant to these terms at any time between that timeframe identified?

A:   I can't answer that.

   ---

Q:   So is there anybody at Gannett more knowledgeable than you about this order form and the information reflected on it?

A:   If there is, it would be Howell Sizemore, but I don't know that he would be.

Transcript, 86:10-21, 87:13-17.

Ms. Trask pointed to Mr. Sizemore as being the person with the appropriate knowledge regarding Defendant's business relationship with Acxiom an additional six times. *See* Transcript, 81:23-82:12, 90:4-9, 91:24-92:1, 92:20-21, 93:2-3, 130:1-4. In total, Ms. Trask referred to Mr. Sizemore for a variety of topics she was required to be prepared to answer to at least ten times.

Ms. Trask's inability to testify to Topics No. 4 and No. 13 does not end there. When she was asked whether "these were both current and prior customers of

8

Gannett that were subject to these transmission to Acxiom," Ms. Trask testified "It could be. I don't know if it was prior, our current subscribers or nonsubscribers. I don't know how that was broken out." Transcript, 80:13-18.

Thus, it is clear Defendant did not uphold its duty in choosing the proper deponent, and Mr. Sizemore must be compelled to testify instead.

**B.** **Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 5 and Topic No. 14 of the 30(b)(6) Notice**

Topic No. 5 of Plaintiff's 30(b)(6) notice requested Defendant to designate a representative to testify about "Gannett's contracts and agreements (in effect at any point during the December 21, 2015 through July 30, 2016 time period) and work (performed at any point during the December 21, 2015 through July 30, 2016 time period) with any third party concerning the Private Reading Information of any persons in Michigan." Topic No. 14 requested Defendant provide someone to testify about "the transmission or making available of documents, communications, and/or ESI containing the Private Reading Information of Gannett customers or subscribers residing in Michigan to any other third party, as well as the contents of such documents, communications, and/or ESI transmitted and/or made available to each such third party."

Here, Defendant produced documents sufficient to show it had a relevant business relationship with the third party Alliance Audited Media ("AAM"). However, as the transcript testimony makes clear, Ms. Trask was unable to answer

9

to work performed by third parties for Defendant, as well as the transmission of information to third parties.

For example, the following testimony was elicited regarding transmission to AAM:

> Q: Would the underlying customer records of USA TODAY subscribers be provided to AAM in order to provide its services?
>
> ---
>
> A: I don't know what in a customer file is transmitted to them.
>
> Q: But the customer files were transmitted to AAM during the relevant time period?
>
> A: Theres information transferred. I don't know specifics as to what information was transferred.
>
> Q: Who would know?
>
> A: IT.

Transcript, 110:14-111:3.

Similarly, Ms. Trask later testified regarding the files Defendant transmits to AAM, "I don't know what specific information are in the files. I don't know if there's names. I know there's a zip code. I know it tells them how many days of the week they subscribe to. I know it tells them if – well, that they have to be active and it has to be an active account. But I don't know what data is transmitted." Transcript, 115:21-116:3.

10

Moreover, Defendant produced a document sufficient to show it has a business relationship with List Service Corporation ("LSC") in regard to the issues at hand in this case. *See* **Exhibit C** (Plaintiff's Exhibit 25). When shown this document during her deposition, Ms. Trask testified that she has not heard of LSC and she is not aware of any transmissions of any files or data to LSC. *See* Transcript, 124:10-125:17.

Ms. Task was therefore unprepared to testify to Plaintiff's requests in Topics No. 5 and No. 14.

**C.   Defendant Did Not Prepare Ms. Trask to Testify About Topic No. 10 of the 30(b)(6) Notice**

Topic No. 10 of Plaintiff's 30(b)(6) notice requested Defendant to designate a representative to testify about "The databases in which, including the formats by which, Gannett (or any other party on Gannett's behalf) currently maintains (and maintained during the relevant time period) Gannett customer and/or subscriber data."

Ms. Trask was unable to testify adequately to Defendant's database. When asked about Defendant's internal database, the following testimony was elicited:

> Q:   What information would be reflected under the "Customer" tab?
>
> A:   I don't know.
>
> ---

11

Q:     If Mr. Sabbag had received this subscription as a gift, would the information pertaining to the person who gave him that gift appear in that field?

A:     I can't answer that, I do not know.

---

Q:     Do you see the "retention" field below the "promotion" field?

A:     Yes.

Q:     Do you know what the data in that field represents?

A:     I do not.

Q:     Okay. Is there a data dictionary that gives meaning to values that appear in the various field in GICS system?

A:     I don't know about that. I do know that all the codes do have a definition.

---

Q:     And what does the letter T represent that is next to that test that says "updated TMC to:"?

A:     I do not know.

Q:     And then there's a Type column for each of these three records on this screen; do you see that?

A:     Yes.

Q:     What does the – what do the values under that column header mean?

A:     **I'm sorry. I do not know the codes.**

Transcript, 26:17-19, 28:12-16, 29:10-20, 33:17-34:2.

12

Again, Ms. Trask was unable to testify adequately to a topic Defendant was noticed for.

## II.    Defendant Must Produce a New and/or Prepared 30(b)(6) Deponent

As made clear above, Ms. Trask was ill-prepared to testify to the topics Defendant was noticed for and was unfit for the task of being the 30(b)(6) deponent for Defendant.

"A Rule 30(b)(6) witness is obligated to become educated to the extent possible about the identified topics, although perfection is not expected." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019). Here, Ms. Trask repeatedly referred to other individuals at Defendant's company who hold the information necessary. She made clear that she was unaware of most topics she was asked of, and therefore she was not educated "to the extent possible." Importantly, Ms. Trask did not testify that much of the relevant information was unavailable to the entirety of the company. Rather, Ms. Trask made clear that this information was accessible and/or held by others at Defendant's company – just not by her. *See Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*, 2016 WL 8114507, at *5 (E.D. Mich. July 26, 2016) ("Although the designated person does not need personal knowledge of the facts to which he testifies, he must be prepared by the corporation so that he can adequately testify as to the corporation's position."); *Poole v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (holding that a

13

corporation must prepare its 30(b)(6) designees "beyond matters personally known to the designee or to matters in which the designee was personally involved"). Ms. Trask was an inadequate 30(b)(6) deponent.

*In re FirstEnergy* is instructive. There, the court ordered the defendant to appoint a new 30(b)(6) deponent based on the lack of preparedness of the deponent that they initially set forth. *In re FirstEnergy*, 2022 WL 3582366, at *1. In doing so, the court held:

> [F]rom its review of the deposition testimony, the Court finds that the vast majority of the questions posed to Ashton were proper, and her reason for asserting that she did not know was simply that she had not reviewed relevant facts prior to the deposition. Ashton herself admitted she was uninformed, not that the questioning was improper. And, unlike several of the other cases upon which FirstEnergy relies, this is not a case where the movants failed to use record support to establish concrete examples of lack of preparation.
>
> ---
>
> To accept this as adequately prepared testimony, the Court would have to conclude that FirstEnergy does not reasonably know anything, outside of the four corners of the contracts, about its own purpose for entering into the consulting agreements.

*Id.* at *4.

The Court must find the same to be true here and order the 30(b)(6) deposition be reopened so that Defendant can either adequately prepare Ms. Trask, or appoint a new 30(b)(6) deponent. *See Prosonic Corp. v. Stafford*, 2008 WL 2323528, at *5 (S.D. Ohio June 2, 2008) ("The remedy in this situation is quite straightforward.

14

Boart did not do what Rule 30(b)(6) requires, so Mr. Stafford did not get the deposition to which he was entitled. Boart must therefore act in compliance with the rule and produce, at a time and location to be agreed to by counsel, one or more witnesses who possess Boart's knowledge about the subjects listed in the notice[.]"); *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, 2013 WL 1196606, at \*17 (S.D. Ohio Mar. 25, 2013) (holding that the 30(b)(6) may be reopened based on plaintiff's "desire to obtain more specific information[.]").

### III.    Plaintiff Should Be Granted Leave to Depose Howell Sizemore

The Court should also grant Plaintiff leave to take the deposition of Howell Sizemore. As detailed in this Motion, Ms. Trask named Mr. Sizemore as the appropriate person to testify about Defendant's contractual relationships with third party data companies and its transmission of customer information to the same on at least **ten** occasions. Yet, prior to Ms. Trasks' deposition, Mr. Sizemore was never identified to Plaintiff. He was not identified as an "individual likely to have discoverable information" in Defendant's initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i); **Exhibit D** (initial disclosures). He was not identified in any of Defendants' responses to Plaintiff's interrogatories. **Exhibit E** (ROG responses). And he was not identified in any of Defendant's amended responses to Plaintiff's interrogatories. **Exhibit F** (Amended ROG Responses). Simply put, Plaintiff had no way of knowing that Mr. Sizemore was such a critical witness in this case until Ms.

15

Trask's Rule 30(b)(6) deposition, which by the Parties' agreement, took place after the discovery deadline (ECF No. 45). Thus, the Court should grant Plaintiff leave to take Mr. Sizemore's deposition.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiff's Motion to Compel Defendant to reopen the 30(b)(6) deposition should be granted, including granting leave to depose Howell Sizemore.

Dated: September 12, 2024            Respectfully submitted,


/s/ *E. Powell Miller*
**THE MILLER LAW FIRM, P.C.**
E. Powell Miller (P39487)
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-220
Email: epm@millerlawpc.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Email: jmarchese@bursor.com
        pfraietta@bursor.com

**HEDIN LLP**
Frank S. Hedin
Arun G. Ravindran
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107

16

Email: fhedin@hedinllp.com
aravindran@hedinllp.com

*Attorneys for Plaintiff and Putative Class*

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ E. Powell Miller
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com