# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO.,<br><br>Defendant. | Case No. 4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar |

### PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION
### OF DEFENDANT GANNETT CO.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Defendant Gannett Co. ("Gannett") on June 4, 2024 at 10:00 a.m., and continuing thereafter until completed, via videoconference. The deposition will be videotaped and taken down by an officer duly qualified to administer oaths and take depositions. Gannett must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf to testify as to the matters set forth in Schedule A to this notice. The deposition will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure. All counsel of record are invited to attend and participate.

**Exhibit 0017**

Dated: May 30, 2024

Respectfully submitted,

/s/ *Frank S. Hedin*
Frank S. Hedin
Arun G. Ravindran
HEDIN LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com
aravindran@hedinllp.com

E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

*Counsel for Plaintiff and the Putative Class*

2

## SCHEDULE A

## DEFINITIONS

The following definitions and instructions are incorporated by referenced whenever applicable in this document:

1.      The term "Gannett" shall be construed to mean Gannett Co., and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees.

2.      The term "Acxiom" shall be construed to mean Acxiom LLC, and all of the past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees of the foregoing.

3.      The term "Private Reading Information" shall be construed to mean information pertaining to a purchaser of or subscriber to any of Gannett's publications (including without limitation *USA Today* and other newspapers), including but not limited to name, information indicating the publication(s) subscribed to or purchased, address(es), e-mail address(es), telephone number(s), and/or any other information pertaining to the subscriber or purchaser.

4.      "Johnny Sabbag" shall be construed to mean the Plaintiff in this action named Johnny Sabbag, who resides (and during the relevant time period resided) in Michigan, including at (but not limited to) the address of 23570 Meadowlark, Oak Park, MI 48237.

5. The term "person" shall be construed to mean any individual, partnership, firm, corporation, association, joint venture, business, organization, entity, or any employee or agent thereof.

6. The term "third party" shall be construed to mean all persons or entities other than Gannett. The term "third party" shall include, but is not limited to, Acxiom, Experian Marketing Solutions, Inc., BPA Worldwide Inc., ALM Global, LLC, KBM Group, LLC, Alliant Cooperative Data Solutions, LLC, BrightFocus Foundation, Alliance for Audited Media, Data Axle Inc. fka Infogroup, American Direct Marketing Resources, LLC, Blackbaud, Inc. dba Pidimp.com, Boys Town, Father Flanagan's Boys' Home, Deloitte LLP fka Web Decisions LLC, Harvard Health Publishing, The American Legion, Disabled American Veterans, Alzheimer's Disease Research Center, TSM Donor Engagement Team, Inc. dba TrueSense, The Salvation Army, Memorial Sloan Kettering Cancer Center, Dow Jones & Company, Inc., Paralyzed Veterans of America, PMX Agency LLC fka The Stagwell Group fka Paradysz Matera and/or ForwardPMX, Smithsonian Institution, Texas Children's Hospital, The Rescue Mission Alliance, The Teaching Company Sales, LLC dba Wondrium, The Week Publications, Inc., Trusted Media Brands, Veterans of Foreign Wars of the United States, and WP Company LLC dba The Washington Post.

7.      Unless otherwise stated in a topic, the time period relevant to this notice of deposition is December 21, 2015 through July 30, 2016.

8.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary plain meaning except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which Gannett is aware.

## TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Gannett is requested to designate a representative to testify about the following:

1.      Johnny Sabbag purchases of written materials, including books or magazine or journal subscriptions, from Gannett (regardless of date), their Private Reading Information concerning such purchases, and any and all other data in Gannett's possession, custody, or control concerning Johnny Sabbag (regardless of date).

2.      All methods by which Johnny Sabbag purchased written materials from Gannett, including books or magazine or journal subscriptions (regardless of date).

3.      Each third party to whom Gannett disclosed, transmitted, leased, licensed, rented, or sold Johnny Sabbag's Private Reading Information, including

the categories of Private Reading Information transmitted, and when such disclosures, transmissions, leases, licenses, rentals, or sales occurred.

4.  Gannett's contracts and agreements (in effect at any point during the December 21, 2015 through July 30, 2016 time period) and work (performed at any point during the December 21, 2015 through July 30, 2016 time period) with Acxiom.

5.  Gannett's contracts and agreements (in effect at any point during the December 21, 2015 through July 30, 2016 time period) and work (performed at any point during the December 21, 2015 through July 30, 2016 time period) with any third party concerning the Private Reading Information of any persons in Michigan.

6.  Revenue or other benefits Gannett obtained by transmitting, leasing, licensing, renting, selling, exchanging, or otherwise disclosing Johnny Sabbag's Private Reading Information to third parties.

7.  The manner, if any, in which Gannett purported to notify Michigan customers or subscribers that they may remove their names from transmissions, leases, licenses, rentals, sales, exchanges, or other disclosures of Private Reading Information made by Gannett for direct marketing purposes (regardless of date).

8.  Any Michigan customers or subscribers who requested that their names be removed from transmissions, leases, licenses, rentals, sales, exchanges, or other

6

disclosures of Private Reading Information made by Gannett for direct marketing purposes (regardless of date).

9.    Any consent Gannett obtained from any Michigan customers or subscribers prior to transmitting, leasing, licensing, renting, selling, exchanging, or otherwise disclosing their Private Reading Information to any third party (regardless of date).

10.    The databases in which, including the formats by which, Gannett (or any other party on Gannett's behalf) currently maintains (and maintained during the relevant time period) Gannett customer and/or subscriber data.

11.    Gannett's policies and procedures concerning data sharing in effect during the relevant time period.

12.    Gannett's search for documents responsive to Johnny Sabbag's Requests for Production of Documents, including its search for electronically stored information, regardless of date.

13.    The transmission or making available of documents, communications, and/or ESI containing the Private Reading Information of Gannett customers or subscribers residing in Michigan to Acxiom, as well as the contents of such documents, communications, and/or ESI transmitted and/or made available to Acxiom.

14.     The transmission or making available of documents, communications, and/or ESI containing the Private Reading Information of Gannett customers or subscribers residing in Michigan to any other third party, as well as the contents of such documents, communications, and/or ESI transmitted and/or made available to each such third party.

15.     Any transmissions, leases, licenses, rentals, sales, exchanges, or other disclosures of the Private Reading Information of persons residing in Michigan that Gannett made to any third party for purposes of appending demographic or personal information about its customers or subscribers to its files.

16.     Gannett's communications, including those by its counsel, to any third party, regardless of date, concerning any aspect of this litigation, including without limitation concerning any materials sought by Plaintiffs in this litigation and the preservation and/or destruction of such materials.

17.     All communications between Gannett and Acxiom, regardless of date, concerning any of the documents, communications, and/or ESI in Acxiom's possession, custody, or control that are responsive to Plaintiffs' Requests for Production to Gannett or subpoena to Acxiom.

18.     All communications between Gannett and any other third party, regardless of date, concerning any of the documents, communications, and/or ESI in

8

any such third party's possession, custody, or control that are responsive to Plaintiffs' Requests for Production to Gannett or subpoena to such third party.

19. Gannett's preparation for this deposition, including the materials reviewed and communications with any persons from whom information was obtained in preparation for this deposition (regardless of date).

20. The policies of insurance providing coverage to Gannett for liability incurred in, and/or the defense of, this litigation.

21. Gannett's defenses to the claim alleged in this action, and the factual and legal grounds for each such defense.

22. Any defenses Gannett intends to raise to the certification of this action as a class action.

23. Gannett's policies and procedures concerning the retention (including the archiving and backing up), destruction, and/or restoration of documents, communications, or ESI containing customer or subscriber information, in effect at any time during or after the relevant time period.

## CERTIFICATE OF SERVICE

I, E. Powell Miller, hereby certify that on May 30, 2024, I caused true and correct copies of the foregoing NOTICE OF DEPOSITION to be served upon all parties of record via electronic mail.

_s/ E. Powell Miller_
E. Powell Miller