# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>      v.<br><br>GANNETT CO.,<br><br>                        Defendant. | Case No. 4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar |

**DEFENDANT GANNETT CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF**
**JOHNNY SABBAG'S FIRST SET OF INTERROGATORIES**

Defendant Gannett Co. ("Gannett" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and for its objections and responses to Plaintiff Johnny Sabbag's ("Plaintiff") First Set of Interrogatories (the "Interrogatories"), states as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated into each individual response below as if they were fully repeated in such response:

1. Defendant will respond to the Interrogatories as if they are directed only to information within its possession, custody, or control. Accordingly, Defendant objects to each Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control and is more appropriately addressed to other persons or entities, including non-parties.

2. Defendant objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. To the extent that any such information is inadvertently produced or

disclosed, such production or disclosure is not intended as a waiver of any applicable privilege or immunity and Defendant reserves the right to the return of such inadvertently produced information.  Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of any applicable privilege, doctrine, or immunity.

3.      Defendant submits these General Objections and responses to the Interrogatories subject to, without intending to waive, and expressly preserving, the right at any time, in accordance with applicable rules, statutes, and procedures, (i) to revise, correct, amend, supplement, or clarify any of the responses herein, or (ii) to object and/or respond to any future discovery interrogatories.

4.      Defendant objects to the Interrogatories to the extent they characterize disputed facts or imply any particular legal conclusion.  By responding to an Interrogatory, Defendant does not concede the truth or accuracy of any statement in the Interrogatory.

5.      Defendant objects to the Interrogatories to the extent they are not limited to the Class Period as defined in Plaintiff's First Set of Interrogatories.

6.      Defendant's responses are based upon information presently available to and located by it, and are given without prejudice to Defendant's right to revise, modify, or supplement them at a later date as a result of additional investigation or discovery.

7.      Defendant objects to the Interrogatories to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and to the extent that the Interrogatories contain misstatements of applicable law.

8.      Defendant objects to the Interrogatories to the extent they seek information not relevant to this proceeding or not proportional to the needs of this litigation.  Defendant does not concede the relevance of any information being provided in response to the Interrogatories and

2

Defendant expressly reserves its right to object to the introduction in evidence of any answers on relevance or any other grounds.

9.      Defendant objects to the Interrogatories to the extent that they seek information that is already available to Plaintiff from his own records, public court or agency records, or is otherwise in the public domain and equally available to Plaintiff.

10.      Defendant objects to any Interrogatory that purports to require Defendant to identify or produce "each," "every," or "all" facts, items, people, or documents because such Interrogatories are unduly burdensome and incapable of complete response.

11.      Defendant provides these answers without waiving, or intending to waive, but on the contrary preserving, and intending to preserve:  (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of these answers for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (b) the right to object on any and all grounds, at any time, to other discovery involving or relating to the subject matter of the Interrogatories to which Defendant has responded herein.

12.      Defendant expressly conditions its responses upon completion of further discovery, and reserves the right to amend or supplement its responses as discovery of additional information may from time to time require.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY No. 1:**  Identify all persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to

3

this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 2:**  Identify all persons with knowledge of any purported notice(s) YOU provided to *USA Today* subscribers informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 3:**  Identify all persons with knowledge of gross and net revenues derived from YOUR DISCLOSURE of *USA Today* subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information

4

protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 4:** Identify all entities to which YOU DISCLOSED *USA Today* subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 5:** Identify all persons involved in the development or design of YOUR policies regarding data sharing of *USA Today* subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to

5

this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 6:** Identify all persons with knowledge of the number of subscribers of *USA Today* in Michigan, with knowledge of the number of subscribers who subscribed directly from YOU, and with knowledge of the number of subscribers who subscribed from YOU by postcard.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett identifies the following individuals in response to Interrogatory No. 6:

- **Rick Baker, VP Enterprise Architecture and Applications.**

**INTERROGATORY No. 7:** Identify all categories of PERSONAL READING INFORMATION DISCLOSED by YOU to third parties.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information

6

protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 8:**  State the total gross and net revenue derived from YOUR DISCLOSURE of *USA Today* Michigan subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 9:**  State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information

7

protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 10:**  State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 11:**  Identify all persons with knowledge of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information

protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it will identify any potentially applicable insurance agreements, or produce documents sufficient to identify same, following the entry of an agreed protective order.

**INTERROGATORY No. 12:**   State the total gross and net revenue derived from YOUR DISCLOSURE of *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 13:**   State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of DISCLOSING *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

9

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 14:** State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 15:** Identify all persons with knowledge of YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to *USA Today*, including all persons with knowledge of any contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative, pertaining to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to *USA Today*.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

10

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No.16:** Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today*.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose Plaintiff's personal reading information to third parties, including during the Class Period.

**INTERROGATORY No. 17:** Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the DISCLOSURE of PERSONAL READING INFORMATION that YOU purportedly provided to any individual who subscribed at any point in time to *USA Today* and whose PERSONAL READING INFORMATION was DISCLOSURED by YOU during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

11

**INTERROGATORY No. 18:** State all personal information pertaining to PLAINTIFF that YOU possess, including but not limited to such information as PLAINTIFF'S name, addresses, e-mail addresses, date of birth, social security number, educational background, employment history, financial information, physical characteristics, ethnicity, and religion.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

Without waiving the foregoing general or specific objections, Gannett identifies the following categories of personal information pertaining to Plaintiff in its possession:

- Name
- Address
- Phone Number
- Email Address

12

I hereby state that the above responses to Plaintiff's First Set of Interrogatories are true and accurate to the best of my knowledge, information, and belief.

/s/_____                    Dated: September 21, 2023

**Helen S. Trask, SVP Consumer Subscriptions and Revenue**
*On Behalf of Gannett Co.*


As to Objections Only:

Dated: September 22, 2023                          Respectfully submitted,

                                                  HONIGMAN LLP

                                                  By: /s/ Jad Sheikali
                                                      J. Michael Huget (P39150)
                                                      Robert M. Riley (P72290)
                                                      Jad Sheikali (IL Bar 6324641)
                                                      2290 First National Building
                                                      660 Woodward Avenue
                                                      Detroit, MI 48226-3506
                                                      Tel: (313) 465-7000
                                                      mhuget@honigman.com
                                                      rriley@honigman.com
                                                      jsheikali@honigman.com

                                                      *Attorneys for Defendant*
                                                      *Gannett Co.*

13

## CERTIFICATE OF SERVICE

This is to certify that on September 22, 2023, I served a copy of the foregoing via email on the following:

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
1330 Avenue of the Americas
32nd Floor
New York, New York 10019
Tel: (646) 837-7142
jmarchese@bursor.com
pfraietta@bursor.com

E. Powell Miller
Sharon S. Almonrode
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
fhedin@hedinhall.com
dhall@hedinhall.com

By: /s/ Jad Sheikali
      Jad Sheikali