# Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated, | Case No. 4:22-cv-10685-SDK-CI |
| Plaintiff, | Hon. Shalina D. Kumar |
| v. | |
| GANNETT CO., | |
| Defendant. | |

## DEFENDANT GANNETT CO.'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JOHNNY SABBAG'S FIRST SET OF INTERROGATORIES

Defendant Gannett Co. ("Gannett" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and for its first amended objections and responses to Plaintiff Johnny Sabbag's ("Plaintiff") First Set of Interrogatories (the "Interrogatories"), states as follows:

## GENERAL OBJECTIONS

The following General Objections are incorporated into each individual response below as if they were fully repeated in such response:

1.      Defendant will respond to the Interrogatories as if they are directed only to information within its possession, custody, or control.

2.      Inadvertent production by Gannett of any information that is confidential, is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, or of Gannett's right to object to use of any such document or information during

any subsequent proceeding in this or any other action.

3. Defendant submits these General Objections and responses to the Interrogatories subject to, without intending to waive, and expressly preserving, the right at any time, in accordance with applicable rules, statutes, and procedures, (i) to revise, correct, amend, supplement, or clarify any of the responses herein, or (ii) to object and/or respond to any future discovery interrogatories.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY No. 1:** Identify all persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period. Further answering, Gannett identifies Margo Dryer, Data Engineer, and Helen S. Trask, SVP Consumer Subscriptions and Revenue, as individuals with knowledge regarding the foregoing response.

**INTERROGATORY No. 2:** Identify all persons with knowledge of any purported notice(s) YOU provided to *USA Today* subscribers informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

2

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 3:** Identify all persons with knowledge of gross and net revenues derived from YOUR DISCLOSURE of *USA Today* subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 4:** Identify all entities to which YOU DISCLOSED *USA Today* subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

3

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 5:**  Identify all persons involved in the development or design of YOUR policies regarding data sharing of *USA Today* subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 6:**  Identify all persons with knowledge of the number of subscribers of *USA Today* in Michigan, with knowledge of the number of subscribers who subscribed directly

4

from YOU, and with knowledge of the number of subscribers who subscribed from YOU by postcard.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks identification of individuals with knowledge not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett identifies the following individuals in response to Interrogatory No. 6:

- **Rick Baker, VP Enterprise Architecture and Applications.**

**INTERROGATORY No. 7:** Identify all categories of PERSONAL READING INFORMATION DISCLOSED by YOU to third parties.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 8:**   State the total gross and net revenue derived from YOUR DISCLOSURE of *USA Today* Michigan subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 9:**   State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

6

**INTERROGATORY No. 10:**  State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it calls for information concerning publications other than *USA Today* or concerning subscribers other than Plaintiff. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No. 11:**  Identify all persons with knowledge of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it will identify any potentially applicable insurance agreements, or produce documents sufficient to identify same.

7

**INTERROGATORY No. 12:** State the total gross and net revenue derived from YOUR DISCLOSURE of *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 13:** State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of DISCLOSING *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 14:** State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of *USA Today* subscriptions in Michigan, on a monthly basis.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information

8

protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to this interrogatory to the extent it seeks information not limited to the Class Period.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 15:** Identify all persons with knowledge of YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to *USA Today*, including all persons with knowledge of any contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative, pertaining to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to *USA Today*.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period.

**INTERROGATORY No.16:** Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine. Gannett also objects to

9

this interrogatory to the extent it calls for information concerning publications other than *USA Today*.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose Plaintiff's personal reading information to third parties, including during the Class Period.

**INTERROGATORY No. 17:**   Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the DISCLOSURE of PERSONAL READING INFORMATION that YOU purportedly provided to any individual who subscribed at any point in time to *USA Today* and whose PERSONAL READING INFORMATION was DISCLOSURED by YOU during the CLASS PERIOD.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

Without waiving the foregoing general or specific objections, Gannett states that it did not disclose the personal reading information of any *USA Today* subscribers to third parties, including during the Class Period

**INTERROGATORY No. 18:**  State all personal information pertaining to PLAINTIFF that YOU possess, including but not limited to such information as PLAINTIFF'S name, addresses, e-mail addresses, date of birth, social security number, educational background, employment history, financial information, physical characteristics, ethnicity, and religion.

**RESPONSE:** In addition to its general objections, Gannett also objects to this interrogatory to the extent it calls for a legal conclusion and to the extent it calls for information protected by attorney-client privilege or attorney work-product doctrine.

Without waiving the foregoing general or specific objections, Gannett identifies the following categories of personal information pertaining to Plaintiff in its possession:

- Name
- Address

10

- Phone Number
- Email Address

I hereby state that the above responses to Plaintiff's First Set of Interrogatories are true and accurate to the best of my knowledge, information, and belief.

/s/_____         Date: ~~3/28/2024~~  3/18/2024

**Helen S. Trask, SVP Consumer Subscriptions and Revenue**
*On Behalf of Gannett Co.*

As to Objections Only:

Dated: March 15, 2024                          Respectfully submitted,

                                               HONIGMAN LLP

                                               By: /s/ Jad Sheikali
                                                   J. Michael Huget (P39150)
                                                   Robert M. Riley (P72290)
                                                   Jad Sheikali (IL Bar 6324641)
                                                   2290 First National Building
                                                   660 Woodward Avenue
                                                   Detroit, MI 48226-3506
                                                   Tel: (313) 465-7000
                                                   mhuget@honigman.com
                                                   rriley@honigman.com
                                                   jsheikali@honigman.com

                                                   *Attorneys for Defendant
                                                   Gannett Co.*

12

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 19, 2024, I served a copy of the foregoing via email on the

following:

>Joseph I. Marchese
>Philip L. Fraietta
>BURSOR & FISHER, P.A.
>1330 Avenue of the Americas
>32nd Floor
>New York, New York 10019
>Tel: (646) 837-7142
>jmarchese@bursor.com
>pfraietta@bursor.com
>
>E. Powell Miller
>Sharon S. Almonrode
>THE MILLER LAW FIRM, P.C.
>950 W. University Drive, Suite 300
>Rochester, MI 48307
>Tel: (248) 841-2200
>epm@millerlawpc.com
>ssa@millerlawpc.com
>
>Frank S. Hedin
>David W. Hall
>HEDIN HALL LLP
>1395 Brickell Avenue, Suite 1140
>Miami, Florida 33131
>Tel: (305) 357-2107
>fhedin@hedinhall.com
>dhall@hedinhall.com

By: /s/ Jad Sheikali
     Jad Sheikali