## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JOHNNY SABBAG, individually and on
behalf of all others similarly situated,

          Plaintiff,

vs.

GANNETT CO.,

          Defendant.

          Case No. 22-cv-10685
          Hon. Shalina D. Kumar
          Magistrate Judge Curtis Ivy, Jr.

_____/

## <u>GANNETT CO.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL</u>

57818338.1

## TABLE OF CONTENTS

QUESTIONS PRESENTED...................................................................... ii

STATEMENT OF MOST CONTROLLING AUTHORITY ................................. iv

I.    INTRODUCTION ....................................................................1

II.    ARGUMENT.........................................................................1

    A.    Plaintiff Violated L.R. 7.1(a) Before Filing This Motion.....................1

    B.    Discovery Is Closed And The Court Should Not Reopen It.................3

    C.    There Is No Basis To Allow Additional Deposition Testimony.
    .......................................................................................6

        1.    Ms. Trask was adequately prepared to provide testimony
        on behalf of Gannett....................................................6

            i.    Ms. Trask Sufficiently Testified about Acxiom
            Corporation ...................................................9

            ii.    Ms. Trask Sufficiently Testified about Alliance
            for Audited Media............................................11

            iii.    Fields And Tabs In Gannett's Customer Data Are
            Not A Basis For A Continued Deposition.....................13

    D.    If The Court Does Permit Plaintiff To Continue Gannett's Rule
    30(b)(6) Deposition, It Should Strictly Limit The Scope To The
    Topics On Which Ms. Trask Was Allegedly Ill-Prepared..................13

    E.    Gannett Requests That The Court Issue A Briefing Schedule
    For A Motion to Strike The Class Allegations And A Motion
    For Summary Judgment Without Delay. ....................................14

III.    CONCLUSION....................................................................14

i

## QUESTIONS PRESENTED

1. Whether the Court should simply deny Plaintiff's Motion for failure to comply with Local Rule 7.1(a)?

   **Defendant: Yes.**

2. Whether the Court should permit Plaintiff to take additional discovery where Plaintiff waited until the very last day of the year-long discovery period to take any depositions, and was not diligent during the discovery period?

   **Defendant: No.**

3. Whether Defendant Gannett Co. adequately prepared its 30(b)(6) designee to respond as to the broad, general topics identified by Plaintiff?

   **Defendant: Yes.**

57818338.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*DTE Elec. Company v. Toshiba Am. Energy Sys. Corp.*,
2024 WL 4220714 (E.D. Mich. Sept. 17, 2024) .................................................9

*Good v. BioLife Plasma Servs., L.P.*,
656 F. Supp. 3d 738 (E.D. Mich. 2023) ............................................................5

*Leys v Lowe's Home Centers, Inc.*,
2009 WL 1911818 (W.D. Mich. July 1, 2009).......................................................5

*Newburgh v. Adlabs Films USA, Inc.*,
2009 WL 10736357 (E.D. Mich. Nov. 23, 2009)....................................................5

*Wicker v. Lawless*,
278 F. Supp. 3d 989 (S.D. Ohio 2017) ...............................................................9

**MISCELLANEOUS**

Fed. R. Civ. P. 12(b)(6)..................................................................................4

Fed. R. Civ. P. 16........................................................................................4

Fed. R. Civ. P. 26(f) ....................................................................................3

Fed. R. Civ. P. 30(b)(6)................................................................................1, 2

L.R. 7.1(a) ...............................................................................................1, 3

## STATEMENT OF MOST CONTROLLING AUTHORITY

- L.R. 7.1(a).

- Fed. R. Civ. P. 30(b)(6)

- *Good v. BioLife Plasma Servs., L.P.*, 656 F. Supp. 3d 738, 740 (E.D. Mich. 2023)

iv

## I.   INTRODUCTION

Discovery is **_closed_**. See ECF No. 51 (Certification of Completion of Discovery Matters by Magistrate Judge Curtis Ivy, Jr.). After significant document discovery, a dozen subpoenas, and two depositions failed to provide Plaintiff with any support for his claim that Gannett disclosed his subscriber information to third parties, Plaintiff now seeks to "re-open" Gannett's Fed. R. Civ. P. 30(b)(6) deposition and take the testimony of another Gannett employee in a last bid effort to seek any support for his claim. Because there is no basis to re-open discovery and allow this case to continue to languish on the Court's docket, the Court should deny the Motion.

Gannett is ready to proceed to class certification and summary judgment motions. Plaintiff's failure to elicit any evidence in support of his claim will prove fatal on both issues, and Plaintiff should not be permitted to conduct a continued fishing expedition to "discover" evidence that does not exist. Gannett requests that the matter be set for briefing on summary judgment without further delay.

## II.   ARGUMENT

### A.   Plaintiff Violated L.R. 7.1(a) Before Filing This Motion.

To begin, Plaintiff failed (and outright refused) to comply with L.R. 7.1(a). *See* email correspondence between counsel, attached as **Exhibit A**. Local Rule 7.1(a) is strictly enforced by this Court, as stated in this Court's standing orders.

57818338.1

On August 27, 2024, Plaintiff's counsel suggested a call to discuss reopening discovery. (Ex. A, p. 3). In response, Gannett's counsel requested that Plaintiff's counsel (i) identify the 30(b)(6) topics for which Plaintiff contends he needs additional testimony and (ii) confirm whether Plaintiff is seeking to re-open other discovery beyond the 30(b)(6) deposition, in order to "make the call most productive." (Ex. A, p. 2). Plaintiff did not respond until after the August 27, 2024 status call. During the status call, Plaintiff's counsel represented that Plaintiff is seeking more testimony on "nineteen questions" to which Gannett's 30(b)(6) deponent, Ms. Trask, was purportedly unable to testify. (Ex. A, p. 2). After the status call, counsel for Gannett requested that Plaintiff's counsel provide the nineteen questions before a meet-and-confer call. (Ex. A, p. 2). Rather than provide the questions, Plaintiff's counsel blankly stated the "matters that we seek to elicit testimony . . . are the matters that Ms. Trask was unable to provide testimony about during her deposition" and further requested—for the first time—the depositions of four additional Gannett employees. (Ex. A, p. 1). In response, Gannett's counsel advised Plaintiff that, based on the vague description by Plaintiff's counsel, Gannett is "unable to identify the topics for examination with any reasonable particularity." (Ex. A, p. 1). Gannett's counsel also reminded Plaintiff's counsel that—under Fed. R. Civ. P. 30(b)(6)—Plaintiff is required to identify with particularity the topics for examination, after which Gannett is to designate one or more witnesses.

2

57818338.1

Plaintiff's counsel did not respond again after or request a conference call after the email exchanges on August 27, 2024. Instead, they moved to compel more than two weeks later. Plaintiff's failure to identify any of the topics relevant to a conference call under L.R. 7.1(a) or schedule the call in the first place violates L.R. 7.1(a).

The Court should deny the Motion on these grounds alone.

**B.      Discovery Is Closed And The Court Should Not Reopen It.**

Fact discovery closed _**five months ago**_, on May 31, 2024. See ECF No. 44 (Stipulated Order Regarding Case Management Schedule); ECF No. 51 (Certification of Completion of Discovery Matters by Magistrate Judge Curtis Ivy, Jr.). And discovery had been open for a full year before that, having commenced in May 2023. ECF No. 31 (Rule 26(f) Joint Discovery Plan, May 17, 2023).

Despite having a full year to conduct discovery, Plaintiff took no depositions until the last possible moment. And even then, Plaintiff took only two depositions: one of third-party Acxiom Corporation on May 31, 2024 (the last day of discovery); and one of Gannett's corporate representative on June 6, 2024. (The deposition of Gannett was scheduled after the close of discovery by agreement of the parties.)

<div align="center">3</div>

| Procedural and Discovery Timeline | |
|---|---|
| **Date** | **Event** |
| March 31, 2022 | Plaintiff files the Complaint. (ECF No. 1). |
| April 17, 2023 | After resolving Gannett's Rule 12(b)(6) motion to dismiss, the Court schedules a Rule 16 Scheduling Conference for May 24, 2023. (ECF No. 30). |
| May 24, 2023 | The Court enters a Modified Rule 16 Scheduling Order, setting a deadline for completion of Phase 1 discovery for September 22, 2023. (ECF No. 32). |
| August 15, 2023 | Plaintiff's counsel voluntarily dismisses four of the five named plaintiffs after discovering that they had never subscribed to the publications identified in the Complaint. (ECF No. 38). |
| August 28, 2023 | Plaintiff serves his first and only interrogatories and requests for production to Gannett. |
| August 29, 2023 | The Court sets a fact discovery deadline of April 26, 2024, as stipulated by the parties. (ECF No. 40). |
| October 4, 2023 | Plaintiff issues twelve third-party subpoenas. |
| April 19, 2024 | The Court modifies the fact discovery deadline to May 31, 2024. (ECF No. 44). |
| May 31, 2024 | **Discovery closes.**<br>Plaintiff takes his first deposition. This is the deposition of third-party Acxiom Corporation. |
| June 6, 2024 | Plaintiff takes a 30(b)(6) deposition of Gannett (this occurred after the close of discovery for the convenience of the parties). |
| September 12, 2024 | More than three months after the 30(b)(6) deposition, Plaintiff files this Motion. |

Although not styled a motion to reopen discovery, Plaintiff's motion seeks essentially the same relief. Not only does Plaintiff ask the Court to reopen the 30(b)(6) deposition of Ms. Trask, he also asks the Court to order the deposition of a

4

57818338.1

different witness altogether—one that he failed to notice at any time during the year-long discovery period.

"In the Sixth Circuit, the overarching inquiry guiding the determination of whether good cause exists to modify a discovery deadline is whether the moving party was diligent in pursuing discovery." *Good v. BioLife Plasma Servs., L.P.*, 656 F. Supp. 3d 738, 740 (E.D. Mich. 2023) (cleaned up). Here, the Court gave Plaintiff 373 days in which to conduct discovery, yet Plaintiff took **zero** depositions for 372 of them.

In the similar case of *Leys v Lowe's Home Centers, Inc.*, 2009 WL 1911818, *1 (W.D. Mich. July 1, 2009), the Western District of Michigan rejected the Plaintiff's last-ditch effort to take a corporate deposition. It found that "Plaintiffs had six months to prepare their case, during which time they were free to seek a deposition of the defendant corporation at any time . . . [i]nstead, they chose to schedule a complicated deposition and document production at the very last minute of the discovery period." The *Leys* court refused to "reward plaintiffs' dilatory conduct by extending the discovery deadline to allow the deposition to be taken on a more reasonable schedule" and quashed the deposition. *Id.*

This Court has also rejected attempts to game the discovery period. *Newburgh v. Adlabs Films USA, Inc.*, 2009 WL 10736357, *1 (E.D. Mich. Nov. 23, 2009). In *Newburgh*, the Court denied a motion to extend the discovery deadline,

5

noting that the moving party "served its first deposition notice just eight days before the close of discovery, noticing a deposition for the last day of discovery." *Id.* "Adlab's apparent practice of doing things at the last minute will not gain it the sympathy of the Court." *Id.*

So it is here. Plaintiff took his first deposition on the last day of the year-long discovery period. That deposition did not yield the evidence Plaintiff hoped for, and now he is scrambling and has no factual basis to support his claim. Plaintiff knows that he does not have sufficient evidence to survive summary judgment, much less certify a class action, and so he asks the Court to give him a second chance by compelling additional depositions months after the discovery cut-off. The Court should not do so.

## C.   There Is No Basis To Allow Additional Deposition Testimony.

Setting aside Plaintiff's failure to seek concurrence and lack of diligence during the discovery period, the Court can and should deny his motion on the merits too.

### 1.   Ms. Trask was adequately prepared to provide testimony on behalf of Gannett.

Plaintiff's motion is based on Gannett's alleged failure to prepare Ms. Trask as its corporate designee under Rule 30(b)(6). That rule requires that the party taking the deposition "describe with reasonable particularity the matters for examination,"

6

and the responding part must designate a witness to "testify about information known or reasonably available to the organization."

Plaintiff's notice of 30(b)(6) deposition identified ***twenty-three topics, spanning five typewritten pages***.[1] Many of these topics were almost comically broad. Consider topic 18:

> All communications between Gannett and any other third party, regardless of date, concerning any of the documents, communications, and/or ESI in any such third party's possession, custody, or control that are responsive to Plaintiff's Requests for Production to Gannett or subpoena to such third party.

Taken literally, preparing to testify on this topic would have required a designee to: (1) review every single document produced by any third party in response to Plaintiff's twelve third-party subpoenas; (2) identify whether any of those third parties had documents that could have been produced, but were not; (3) identify whether any of those third parties may have had information responsive to any requests for production issued to Gannett, but not requested from those third parties; (4) separately determine whether Gannett had had any "communications" with any of those third parties about any of these categories of documents (including verbal or telephonic communications); and (5) commit all such communications to memory sufficiently enough to testify about them.

---

[1] The deposition notice is attached to Plaintiff's Motion to Compel as Exhibit A.

7

Likewise, many topics required an advanced degree of technical sophistication. Take topic 10:

> The databases in which, including the formats by which, Gannett (or any other party on Gannett's behalf) currently maintains (and maintained during the relevant time period) Gannett customer and/or subscriber data.

Taking this topic literally would have required a designee to: (1) become familiar with the technical inner workings, history, purpose, operations, and contents of Gannett's database(s); (2) investigate whether any third-party systems house data relating to Gannett's customers and subscribers; and (3) become familiar with the technical inner workings, history, purpose, operations, and contents of those third-party databases. This would include information such as how information is written to each database, where the data is stored, where the data comes from, what it is used for, the formats in which it is stored, how it is retrieved, whether any data was ever deleted, whether any data might be missing, and myriad other sub-topics too numerous to list.

Gannett does not raise these issues to be pedantic. Rather, the point is that a certain amount of pragmatism is necessary and appropriate when interpreting Plaintiff's topics and preparing a corporate designee. The goal is to prepare the witness to testify about matters within the identified topics that have some reasonable bearing on the lawsuit, not to drill them on every detail so that they can field any question that possibly relates to the topics. That is why "absolute perfection

8

is not required of a 30(b)(6) witness." *DTE Elec. Company v. Toshiba Am. Energy Sys. Corp.*, 2024 WL 4220714, *2 (E.D. Mich. Sept. 17, 2024) (quoting *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1000 (S.D. Ohio 2017)). "The mere fact that a designee could not answer every question on a topic does not necessarily mean that the corporation failed to comply with its obligation." *Id.*

Viewed under these standards, Ms. Trask was well-prepared as a corporate designee. Over the course of her full-day deposition, there was not one topic on which she failed to provide testimony. Rather, Plaintiff has cherry-picked a handful of questions, out of several hours of testimony, that Ms. Trask could not answer, or where Plaintiff's counsel was not satisfied with her answer. This is not enough to show that Ms. Trask was not adequately prepared as a 30(b)(6) designee. Her testimony—taken as a whole—shows that Gannett complied with its obligations, and Plaintiff's motion should be denied.

### i. Ms. Trask Sufficiently Testified about Acxiom Corporation

Plaintiff first objects to Ms. Trask's testimony about Acxiom Corporation, contending she was unable to adequately testify on Gannett's "contracts and agreements . . . with Acxiom," Gannett's "business relationship with Acxiom," or the "services Acxiom was providing to Gannett during the relevant time period."

In fact, Ms. Trask testified at length about these topics. She identified the contracts between Acxiom and Gannett (Helen Trask Dep. Tr. ("Trask Tr.") 68:10-

9

23)[2]; the reason for their being multiple separate agreements with Acxiom (Trask Tr. 69:24-70:6); what services Acxiom was providing to Gannett (Trask Tr. 70:7-25); and what information was provided to Acxiom and why (Trask Tr. 73:10-74:19).

The topics that Ms. Trask could not testify about related to the finer points of specific services that Acxiom provided to Gannett—which have little to no bearing on this lawsuit. On these topics, Ms. Trask said that she did not know specific information about the products and services that Acxiom provided to Gannett, for example, and stated that she believed that Howell Sizemore would know the answers. (Trask Tr. 77:8-12). Ms. Trask's inability to respond to these questions did not stem from unpreparedness. Rather, she did not prepare to answer these questions because she correctly believed they were not relevant to Plaintiff's lawsuit.

In any case, Ms. Trask's inability to respond to these questions did not prejudice Plaintiff such that a continued deposition is appropriate. Plaintiff not only subpoenaed Acxiom and received documents from Acxiom, but also *deposed* Acxiom on May 31, 2024. So Plaintiff had the opportunity to obtain the information he purportedly needed directly from the party who possessed the information. And Acxiom's representative testified to the contracts and agreements with Gannett, the

---

[2] Helen Trask's deposition transcript is attached to Plaintiff's Motion to Compel as Exhibit B.

10

services provided to Gannett, its relationship with Gannett, and its data retention and confidentiality. (Tim Spainhour Dep. Tr. 8:1-14; 14:10-13; 22:12-16; 29:6-16; 33:1-10; 34:8-16; 57:4-6; 77:1-8 (**Exhibit B**)). Thus, while Ms. Trask could not recall every detail of Gannett's relationship with Acxiom, Plaintiff already obtained detailed information on these topics when he subpoenaed and deposed Acxiom. And Plaintiff cites no other information in his Motion that would justify reopening discovery months after it closed.

### ii. Ms. Trask Sufficiently Testified about Alliance for Audited Media

Plaintiff next complains that he could not obtain sufficient testimony on non-party Alliance for Audited Media ("AAM"). Unlike Acxiom, Gannett's relationship with AAM *was not a topic identified in the deposition notice*. Thus, Gannett had no duty to prepare Ms. Trask to testify about AAM specifically.

Rather, Plaintiff argues that AAM is included in topics 5 and 14:

> Topic 5: Gannett's contracts and agreements (in effect at any point during the December 21, 2015 through July 30, 2016 time period) and work (performed at any point during the December 21, 2015 through July 30, 2016 time period) with any third party concerning the Private Reading Information of any persons in Michigan.

> Topic 14: The transmission or making available of documents, communications, and/or ESI containing the Private Reading Information of Gannett customers or subscribers residing in Michigan to any other third party, as well as the contents of such documents,

11

communications, and/or ESI transmitted and/or made available to each such third party.

Far from being unprepared, Ms. Trask testified at length regarding both topics, including specifically with respect to AAM. She testified to the fact that AAM was an auditor for the USA TODAY magazine subscription accounts (Trask Tr. 109:12-22); that Gannett transferred information to AAM in connection with its role as an auditor (Trask Tr. 110:3-13); what services AAM provided to Gannett for which it needed that information (Trask Tr. 113:6-114:2); how AAM went about using that information to provide those services (Trask Tr. 114:8-115:16); and how often that information is transmitted (Trask Tr. 116:4-21). The handful of questions that she could not answer concerned the precise types of information transferred. (Trask Tr. 115:21-116:3; 117:2-5).

As with Acxiom, Plaintiff suffered no prejudice by Ms. Trask's inability to answer on the minutiae of the information transferred to AAM. Plaintiff subpoenaed AAM more than a year ago. (**Exhibit C**, Plaintiff's Subpoena to AAM). AAM responded to the subpoena, stating, in essence, that it had no responsive documents. (**Exhibit D**, AAM's Response to Plaintiff's Subpoena). Plaintiff never sought any other information from AAM, never moved to compel a production AAM, and never sought or took AAM's deposition during the several months then-remaining in the discovery period.

12

### iii. Fields And Tabs In Gannett's Customer Data Are Not A Basis For A Continued Deposition

Plaintiff also objects to Ms. Trask's inability to identify various fields and "tabs" in the format in which Gannett maintains customer data. This is a red herring. That issue was a point of contention during Ms. Trask's deposition and resulted in the parties stipulating that Gannett's database allows it to identify USA Today subscribers with Michigan addresses. (Trask Tr. 65:4-25). Thus, Ms. Trask's testimony or preparation on that topic is moot based on the stipulation agreed to at the request of Plaintiff's counsel.

### D. If The Court Does Permit Plaintiff To Continue Gannett's Rule 30(b)(6) Deposition, It Should Strictly Limit The Scope To The Topics On Which Ms. Trask Was Allegedly Ill-Prepared.

As discussed above, there are multiple independently sufficient reasons to deny Plaintiff's Motion. That said, if the Court grants Plaintiff's Motion even in part, the Court should set strict parameters around any continued deposition. The Court should limit any more questions to the topics identified by Plaintiff in his motion as being those on which Ms. Trask was allegedly ill-prepared:

- Topics 3, 4, and 13 (concerning Gannett's relationship and contracts with Acxiom);

- Topics 5 and 14 (Gannett's contracts and transmissions concerning the Private Reading Information of Gannett customers or subscribers);

13

- Topic 10 (Gannett's databases containing customer and subscriber information)

If the Court determines that Ms. Trask was indeed inadequately prepared to answer questions about these six topics, it should limit any further deposition to these six topics, and specifically to the sub-issues within these six topics on which Ms. Trask could not testify the first time. Plaintiff, having been dilatory during the discovery period, is not entitled to a mulligan.

**E.** **Gannett Requests That The Court Issue A Briefing Schedule For A Motion to Strike The Class Allegations And A Motion For Summary Judgment Without Delay.**

It is time to move this case forward. Through years of discovery and motion practice, it is clear that Plaintiff's claims lack all merit. Plaintiff's strategy is to make his lawsuit sufficiently annoying and costly that Gannett agrees to a nuisance settlement. In so doing, he is wasting the resources of both the parties and the Court.

Regardless of  the Court's ruling on this Motion, Gannett requests that the Court set a briefing schedule on a motion to strike the class allegations and a motion for summary judgment.

## III.  CONCLUSION

For these reasons, Gannett Co. requests that the Court deny Plaintiff's Motion. In the alternative, if the Court grants Plaintiff's Motion even in part, Gannett requests

14

57818338.1

that the Court limit any further deposition to the narrow topics identified in Plaintiff's motion as those on which Ms. Trask was allegedly ill-prepared.

<div style="margin-left:45%">

Respectfully submitted,

HONIGMAN LLP

By: /s/ <u>Daniel R. Lemon</u>
J. Michael Huget (P39150)
Robert M. Riley (P72290)
Daniel R. Lemon (85261)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
rriley@honigman.com

</div>

Dated: October 18, 2024          *Attorneys for Gannett Co.*

15

57818338.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, a copy of this document was filed electronically and served by email to all parties by the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Daniel R. Lemon*
Daniel R. Lemon

57818338.1