# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOHNNY SABBAG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>GANNETT CO.,<br><br>                    Defendant. | Case No.:  4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar<br><br>**PLAINTIFF'S NOTICE OF SUBPOENA** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 45, Plaintiff Johnny Sabbag will request that Alliance for Audited Media produce documents. A true and correct copy of the subpoena that will be served is attached.

Dated: October 4, 2023

                                       **HEDIN HALL LLP**

                                       By:  */s/ Frank S. Hedin*
                                             Frank S. Hedin

                                       Frank S. Hedin
                                       1395 Brickell Avenue, Suite 1140
                                       Miami, FL  33131
                                       Telephone: (305) 357-2107
                                       Facsimile: (305) 200-8801
                                       Email:  fhedin@hedinhall.com

                                       **BURSOR & FISHER, P.A.**
                                       Joseph I. Marchese (P85862)
                                       Philip L. Fraietta (P85228)
                                       1330 Avenue of the Americas, 32nd Floor
                                       New York, NY  10019
                                       Telephone: (646) 837-7150
                                       Facsimile:  (212) 989-9163
                                       Email:  jmarchese@bursor.com
                                                pfraietta@bursor.com

                                       **THE MILLER LAW FIRM, P.C.**
                                       E. Powell Miller (P39487)

Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

*Attorneys for Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

JOHNNY SABBAG,
*Plaintiff,*

v.                                    Civil Action No. 4:22-cv-10685-SDK-CI

GANNETT CO.,
*Defendant.*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alliance for Audited Media, 4513 Lincoln Ave., Suite 105B, Lisle, IL 60532
*(Name of person to whom this subpoena is directed)*

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Schedule A attached hereto.**

| Place: Veritext Legal Solutions, 1 N Franklin, Suite 3000, Chicago, IL 60606 | Date and Time: November 13, 2023 at 10:00 AM |
|---|---|

[ ]  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2023

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff and the putative class, who issues or requests this subpoena, are: Frank S. Hedin, Hedin Hall LLP, 1395 Brickell Ave, Ste 1140, Miami, FL 33131, 305-357-2107, fhedin@hedinhall.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-10685-SDK-CI

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

### DEFINITIONS

The following definitions and instructions are incorporated by referenced whenever applicable in this document:

1.      The term "AAM" shall be construed to mean Alliance for Audited Media and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees.

2.      The term "ESI" shall mean electronically stored information.

3.      The term "Gannett" shall be construed to mean Gannett Co., and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees.

4.      The term "PPPA" shall be construed to mean Michigan's Preservation of Personal Privacy Act.

5.      The term "Private Reading Information" shall be construed to mean information pertaining to a subscriber of any of Gannett's publications, including but not limited to name, information indicating the publication(s) subscribed to, address(es), e-mail address(es), telephone number(s), and/or any other information pertaining to the subscriber.

6.      "Johnny Sabbag" shall be construed to mean the Plaintiff in this action named Johnny Sabbag, who resides (and during the relevant time period resided) in Michigan, including at (but not limited to) the address of 23570 Meadowlark Ave, Oak Park, MI 48237, and who has one or more email addresses, including but not limited to jps61756@yahoo.com, and telephone numbers, including but not limited to 248-496-0965.

7.      Unless otherwise stated in a request, all documents, communications, and ESI requested are those sent, received, prepared, or otherwise generated between December 22, 2015

through July 31, 2016, or that refer or relate to that time period or to a document, communication, or ESI sent, received, prepared, or otherwise generated in that time period, regardless of its date of transmission, receipt, preparation, or generation. If a document, communication, or ESI is undated and the date of its transmission, receipt, preparation or generation cannot be determined, the document, communication, or ESI shall be produced if otherwise responsive to these requests.

8.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary plain meaning.

**DOCUMENTS REQUESTED**

**Document Request No. 1**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between AAM and Gannett.

**Document Request No. 2**

All documents, communications, and ESI exchanged between AAM and Gannett concerning the transmission, suppression, or receipt of the Private Reading Information of Johnny Sabbag and/or of any other Gannett subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Document Request No. 3**

All documents, communications, and ESI (in original native format) containing Johnny Sabbag's Private Reading Information.

**Document Request No. 4**

All documents, communications, and ESI (in original native format) containing the Private Reading Information of any Gannett subscriber(s) in Michigan.

**Document Request No. 5**

All documents, communications, and ESI (in original native format) exchanged between AAM and any other person that contain the Private Reading Information of Johnny Sabbag and/or of any other Gannett subscriber(s) in Michigan.

**Document Request No. 6**

All documents, communications, and ESI (regardless of date) concerning Johnny Sabbag.

**Document Request No. 7**

Documents, communications, and ESI sufficient to identify any third party to whom AAM disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom AAM received and/or obtained, Johnny Sabbag's Private Reading Information, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 8**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between AAM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 9**

All documents, communications, and ESI exchanged between AAM and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, and/or receipt of Johnny Sabbag's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Johnny Sabbag that were exchanged between AAM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 10**

Documents, communications, and ESI sufficient to identify any third party to whom AAM disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom AAM received and/or obtained, the Private Reading Information of any Gannett subscriber(s) in Michigan, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 11**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between AAM and each of the third parties identified in the documents responsive to Request No. 10 above.

**Document Request No. 12**

All documents, communications, and ESI exchanged between AAM and each of the third parties identified in the documents responsive to Request No. 10 above concerning the transmission, suppression, and/or receipt of the Private Reading Information of any Gannett subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any Gannett subscriber in Michigan that were exchanged between AAM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

**Document Request No. 13**

All documents, communications, and ESI (regardless of date) concerning the action entitled *Sabbag v. Gannett Co.*, Case No. 4:22-cv-10685-SDK-CI (E.D. Mich.) (the "*Sabbag* Action"), including but not limited to all documents, communications, and ESI concerning the date on which AAM first learned of the *Sabbag* Action, all documents, communications, and ESI exchanged between AAM and Gannett (inclusive of all the agents, representatives, employees, and attorneys of the foregoing) concerning the *Sabbag* Action and/or the subject matter of the *Sabbag* Action, and all documents, communications, and ESI concerning any efforts, measures, and/or steps AAM has taken to preserve documents, communications, and ESI that have a

reasonably likelihood of being relevant to the *Sabbag* Action.

**Document Request No. 14**

All documents, communications, and ESI (regardless of date) concerning AAM's policies and/or procedures concerning the retention, preservation, and/or destruction of data (including documents, communications, and ESI), as well as all documents, communications, and ESI (regardless of date) concerning AAM's retention, preservation, and/or destruction of data (including documents, communications, and ESI) responsive to this subpoena.

**Document Request No. 15**

All documents, communications, and ESI (regardless of date) concerning the PPPA.

**Document Request No. 16**

All documents and communications (regardless of date) concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to AAM or Gannett for the defense of or any liability incurred in the *Sabbag* Action.