# EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOHNNY SABBAG,

    *Plaintiff,*

    v.

GANNETT CO.,

    *Defendant.*

Civil Action No. 4:22-cv-10685-SDK-CI

## WRITTEN OBJECTIONS OF BPA WORLDWIDE INC. AND ALLIANCE FOR AUDITED MEDIA TO PLAINTIFF'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-parties BPA Worldwide Inc. ("BPA") and Alliance for Audited Media ("AAM") (together, "Respondents") serve the following written objections to inspecting, copying or producing the documents requested (the "Requests") in Schedule A to the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises (the "Subpoenas") served by Plaintiffs in the above-captioned action.

## Written Objections to Individual Document Requests

**Document Request No. 1**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between BPA [AAM[1]] and Gannett.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll contracts, agreements,

---

[1] Differences between the corresponding Requests to BPA and AAM are noted in brackets.

135098346v.1

statements of work" and "or the like." Respondents further object to producing documents related to titles or publications beyond the Response Titles (defined below). Subject to and without waiving any of its general objections below or specific objections, Respondents will produce an applicable contract or membership application for each of the Response Titles.

**Document Request No. 2**

All documents, communications, and ESI exchanged between BPA [AAM] and Gannett concerning the transmission, suppression, or receipt of the Private Reading Information of Johnny Sabbag and/or of any other Gannett subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI," "concerning the transmission, suppression, or receipt," and "when such transmissions, suppressions, or receipts occurred." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waiving any of its general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 3**

All documents, communications, and ESI (in original native format) containing Johnny Sabbag's Private Reading Information.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI" and "in original native format." Respondents further object to producing documents

2

135098346v.1

related to titles or publications beyond the Response Titles.  Subject to and without waiving any of its general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 4**

All documents, communications, and ESI (in original native format) containing the Private Reading Information of any Gannett subscriber(s) in Michigan.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI" and "in original native format."  Respondents further object to producing documents related to titles or publications beyond the Response Titles.  Subject to and without waiving any of its general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 5**

All documents, communications, and ESI (in original native format) exchanged between BPA [AAM] and any other person that contain the Private Reading Information of Johnny Sabbag and/or of any other Gannett subscriber(s) in Michigan.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI," "in original native format," and "Gannett subscribers in Michigan."  Respondents further object to producing documents related to titles or publications beyond the Response Titles.  Subject to and without waiving any of its general objections below or specific objections,

3

135098346v.1

Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 6**

All documents, communications, and ESI (regardless of date) concerning Johnny Sabbag.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI," "regardless of date," and "concerning Johnny Sabbag." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waiving any of its general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 7**

Documents, communications, and ESI sufficient to identify any third party to whom BPA [AAM] disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom BPA [AAM] received and/or obtained Johnny Sabbag's Private Reading Information, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales and/or receipts occurred.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "any third party." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waving any of their general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

4

135098346v.1

**Document Request No. 8**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between BPA [AAM] and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll contracts, agreements, statements of work, or the like" and "or the like." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waving any of their general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 9**

All documents, communications, and ESI exchanged between BPA [AAM] and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, and/or receipt of Johnny Sabbag's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Johnny Sabbag that were exchanged between BPA [AAM] and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waving any of its general objections below or specific objections, Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

5

**Document Request No. 10**

Documents, communications, and ESI sufficient to identify any third party to whom BPA [AAM] disclosed, transmitted, leased, licensed, rented, and/or sold or from whom BPA [AAM] received and/or obtained, the Private Reading Information of any Gannett subscriber(s) in Michigan, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, or sales and/or receipts occurred.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "any third party." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waving any of its general objections below or specific objections, Respondents state that they did not disclose, transmit, lease, license, rent or sell information regarding Gannett subscribers in Michigan and did not receive any such information from third parties. Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 11**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between BPA [AAM] and each of the third parties identified in the documents responsive to Request No. 10 above.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "all contracts, agreements, statements of work," and "or the like." Respondents further object to producing documents related to titles or publications beyond the Response Titles. Subject to and without waving any of its general objections below or specific objections, Respondents state that they did not disclose, transmit, lease, license, rent or sell information regarding Gannett subscribers in Michigan and did not receive any such information from third parties. Respondents have located

6

no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 12**

All documents, communications, and ESI exchanged between BPA [AAM] and each of the third parties identified in the documents responsive to Request No. 10 above concerning the transmission, suppression, and/or receipt of the Private Reading Information of any Gannett subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any Gannett subscriber in Michigan that was exchanged between BPA [AAM] and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI." Subject to and without waving any of its general objections below or specific objections, Respondents state that they did not disclose, transmit, lease, license, rent or sell information regarding Gannett subscribers in Michigan and did not receive any such information from third parties. Respondents have located no responsive documents related to the Response Titles that were received, prepared, or otherwise generated between December 22, 2015, and July 31, 2016.

**Document Request No. 13**

All documents, communications, and ESI (regardless of date) concerning the action entitled *Sabbag v. Gannett Co.,*, Case No. 4:22-cv-10685-SDK-CI (E.D. Mich.) (the "*Sabbag* Action"), including but not limited to all documents, communications, and ESI concerning the date on which BPA [AAM] first learned of the *Sabbag* Action, all documents, communications, and ESI exchanged between BPA [AAM] and Gannett (inclusive of all the agents, representatives, employees, and attorneys of the foregoing) concerning the *Sabbag* Action and/or the subject matter of the *Sabbag* Action, and all documents, communications, and ESI concerning any efforts, measures, and/or steps BPA [AAM] has taken to preserve documents, communications, and ESI that have a reasonably likelihood of being relevant to the *Sabbag* Action.

7

135098346v.1

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "all documents, communications, and ESI," "regardless of date," "concerning the [*Sabbag* Action]," and "the subject matter of [or] relevant to the *Sabbag* Action." Subject to and without waving any of its general objections below or specific objections, Respondents have located no responsive documents predating the service of the Subpoenas and will produce no documents in response to this Request.

**Document Request No. 14**

All documents, communications, and ESI (regardless of date) concerning BPA's [AAM's] policies and/or procedures concerning the retention, preservation, and/or destruction of data (including documents, communications and ESI), as well as all documents, communications and ESI (regardless of date) concerning BPA's [AAM's] retention, preservation, and/or destruction of data (including documents, communications, and ESI) responsive to this subpoena.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI," "regardless of date," and "concerning policies and procedures." Subject to and without waving any of its general objections below or specific objections, Respondents will not produce documents in response to this Request.

**Document Request No. 15**

All documents, communications, and ESI (regardless of date) concerning the PPPA.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents, communications, and ESI," "regardless of date," and "concerning the PPPA." Subject to and without waving any

8

of its general objections below or specific objections, Respondents will not produce documents in response to this Request.

**Document Request No. 16**

All documents and communications (regardless of date) concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to BPA [AAM] or Gannett for the defense of or any liability incurred in the *Sabbag* Action.

**RESPONSE:** Respondents object that this Request is vague; ambiguous; unclear in scope; overly broad; unduly burdensome; and seeks documents that are not relevant, or proportional to the needs of this case, at least with respect to "[a]ll documents and communications," "regardless of date," "concerning any policies of insurance," and "any liability incurred in this Action." Subject to and without waving any of its general objections below or specific objections, Respondents will not produce documents in response to this request.

## General Objections

Plaintiff incorporates by reference each and every general objection set forth below into each and every specific objection and response set forth above. A specific objection may repeat a general objection for emphasis or some other reason. The absence of a restatement of any general objection in any specific objection to a Request shall not be interpreted as a waiver of any general objection to that Request.

1.     Respondents object to Plaintiff's Definitions and each Request to the extent that they purport to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the applicable Rules and Orders of the Court, and any agreement reached by the Parties. Respondents will not comply with Plaintiff's Instructions or Requests that purport to impose such requirements or obligations.

9

135098346v.1

2.    Respondents object to each and every Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any applicable privilege, immunity or other protection.  Respondents will not produce privileged documents or information.  If any privileged or immune document is produced by Respondents, such production is inadvertent and is not intended as a waiver of any privilege or immunity.  In the event that Plaintiff or counsel believe they may have received any privileged or immune information, they shall promptly inform Respondents, return or destroy all documents constituting or referencing such information, and refrain from using such information in any way.  In the event that Respondents notify counsel for Plaintiff that Respondents have inadvertently produced any privileged or immune document, Plaintiff shall promptly return or destroy all documents constituting or referencing such information, and refrain from using such information in any way.

3.    Respondents object to each Request to the extent that it purports to require Respondents to undertake searches, collection procedures, or production of documents that are not proportional to the needs of the case or that would impose undue burden or expense on non-parties.  Respondents will employ reasonable and proportional procedures, commensurate with their status as non-parties, to locate, identify and collect documents and electronically stored information.

4.    Respondents object to identifying, collecting and/or producing electronically stored information that is not reasonably accessible because of undue burden or costs, including without limitation data that is erased, fragmented, or corrupted; data on backup tapes or other backup storage devices; data in systems or media that are no longer readily accessible; data on

10

handheld devices; text, MMS, and/or instant messages; audio and video files; and voicemail. Respondents will not undertake to identify, collect or produce such information.

5.     Respondents object to each Request to the extent it seeks documents that do not exist or are not within the possession, custody or control of Respondents. Respondents will only produce documents to the extent they exist and are currently within their possession, custody or control. Respondents do not, by indicating that they will produce responsive documents, indicate that any such documents exist, nor do they undertake to produce documents that are not within their possession, custody or control. Respondents' responses to the Requests shall not be construed as a representation that responsive documents exist or that Respondents have any responsive documents in their possession, custody, or control.

6.     Respondents object to producing confidential or proprietary information without protection of an appropriate confidentiality order covering confidential documents produced by non-parties in this case. Subject to their objections, Respondents will produce documents that fall within the parameters of an appropriate confidentiality order under the terms of that order.

7.     Respondents object to the Requests if and to the extent they seek disclosure of documents in violation of the legal or contractual obligations of Respondents to third parties, including but not limited to obligations arising out of any non-disclosure or confidentiality agreements. Plaintiff will provide such documents only to the extent it can do so consistent with its obligations to any third parties.

8.     Respondents object to producing and reserve the right to redact or omit from any documents produced any matter that is not called for by or responsive to any Request, or that has been objected to by Respondents.

135098346v.1

9. Respondents object to producing, and will not produce, multiple versions of data or information that may exist in different formats or forms.

10. Respondents object to producing information and data "in original native format" to the extent the native format is not readily transmittable or readable by standard office software (e.g. Microsoft Word, Excel, PDF software). Respondents will produce such information and data (e.g. DBF files), if any, in searchable electronic formats that are transmittable or readable by standard office software.

11. Respondents object to producing documents and subscriber information (or "Private Reading Information") connected to subsidiaries, divisions, corporate parents, agents, affiliates magazines or publications of Gannett that have not been identified by title in the Requests (or in plaintiff's counsel's e-mail of October 23, 2023). Among other things, Respondents' membership relationships are based on titles and publications rather than publishing companies, and it is not reasonably feasible to reconstruct which titles or publications belonged to Gannett between December 22, 2015 and July 31, 2016. Respondents further object to producing documents and information relating to regional publications outside of Michigan on the ground that Requests seeking such documents and information are overly broad, unduly burdensome, and seek documents that are not relevant or proportional to the needs of this case. Respondents will respond only with respect to the following publications: (a) *USA Today*, (b) *Detroit Free Press*, and (c) *The Times Herald* (of Port Huron, Michigan) (together, the "Response Titles").

12. Respondents object that Definition No. 7 is vague and ambiguous and does not provide a clear limitation in the time period for Respondents' document searches and responses, particularly with respect to "that refer or relate to that time period or to a document,

135098346v.1

communication, or ESI sent, received, prepared or otherwise generated in that time period" and "[i]f a document, communication, or ESI is undated and the date of its transmission, receipt, preparation or generation cannot be determined, the document, communication, or ESI shall be produced if otherwise responsive to these requests." Insofar as Definition No. 7 does not provide a reasonable and clear time limitation, or any Request is not limited in time, Respondents object to each Request without a reasonable and clear time limitation as overly broad, unduly burdensome, and seeking documents (and/or requiring search and collection procedures) that are not relevant or proportional to the needs of this case and that would impose undue burden and expense on non-parties. Subject to their other objections, Respondents will conduct reasonable and proportional searches for documents sent, received, prepared, or otherwise generated from December 22, 2015 through July 31, 2016 and will not undertake to identify, collect or produce documents from outside this time period.

13. Respondents object that the definitions (Nos. 1 and 3) of "BPA [AAM]" and "Gannett" would render the Requests vague, ambiguous, unclear in scope, overly broad, unduly burdensome, and seeking documents that are not relevant, or proportional to the needs of this case, at least with respect to "its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees." Respondents' responses will construe "BPA" to refer to BPA Worldwide Inc., "AAM" to refer to Alliance for Audited Media, and "Gannett" to refer to Gannett Co.

14. Respondents object to producing documents at the time and in the place and manner described in the Subpoenas and will produce documents, if any, at a reasonable time and in a place and manner to be agreed.

13

135098346v.1

Counsel for Respondents is willing to confer with counsel for Plaintiff in an effort to resolve any of Respondents' objections or any other disagreements concerning these objections. Respondents reserve the right to raise additional objections to Plaintiff's Subpoenas and the Requests.

Dated: November 1, 2023
        Chicago, Illinois

Respectfully submitted,

/s/ *W. Allen Woolley*
W. Allen Woolley
Locke Lord LLP
111 South Wacker St., Suite 4100
Chicago, IL 60606
(312) 443-0700
*allen.woolley@lockelord.com*

*Counsel to Respondents BPA Worldwide Inc.
and Alliance for Audited Media*

14

135098346v.1

## CERTIFICATE OF SERVICE

W. Allen Woolley, an attorney, hereby certifies that a true and correct copy of the foregoing WRITTEN OBJECTIONS OF BPA WORLDWIDE INC. AND ALLIANCE FOR AUDITED MEDIA TO PLAINTIFF'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION was served by electronic mail and U.S. Mail on the date hereof, on counsel listed below.

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
pfraietta@bursor.com

Frank S. Hedin
Hedin Hall LLP
1395 Brickell Avenue, Suite 1140
Miami, FL  33131
fhedin@hedinhall.com

E. Powell Miller
Gregory Mitchell
Sharon S. Almonrode
The Miller Law Firm, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
epm@millerlawpc.com
gam@millerlawpc.com
ssa@millerlawpc.com

J. Michael Huget
Honigman LLP
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108
mhuget@honigman.com

Jad Sheikali
Honigman LLP
155 N. Wacker Drive
Suite 3100
Chicago, IL 60606
jsheikali@honigman.com

Robert M. Riley
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
rriley@honigman.com

_/s/ W. Allen Woolley_

135098346v.1